CLOAR v. CONSUMERS' COMPRESS COMPANY.

Opinion delivered November 7, 1921.

1. NEGLIGENCE—BURDEN OF PROOF.—In an action against a cotton compress company for the negligent destruction of cotton by fire, it was error to instruct the jury that "if the circumstances in evidence are explainable on any other reasonable theory than that

of the negligence of the defendant, your verdict should be for the defendant", as the only burden resting upon the plaintiff was to establish his case by a preponderance of the evidence.

2.  WAREHOUSEMEN—INSTRUCTION.—In an action against a warehouseman for loss of property by fire, an instruction that defendant was not liable for the acts of third persons was erroneous in failing to embody the idea of his liability for acts of third persons which he could have prevented by exercising ordinary care.

Appeal from Crittenden Circuit Court, First Division, *R. H. Dudley,* Judge; reversed.

*Berry & Wheeler,* for appellant.

Instruction 4 given by the court on the subject of negligence, without the modification requested by the appellant, viz: "unless, after the discovery of such negligence, the defendant was negligent in failing to prevent the loss of plaintiffs' cotton," took from the jury one of the most important questions in the case. And, in giving the 4th instruction requested by the defendant, the concluding sentence thereof erroneously placed a burden on the plaintiff greater than that required of the State in criminal prosecutions. 4 Wigmore on Ev. § 2497, p. 3542; 118 Mass. 1; 38 Ark. 316; 61 *Id.* 103; 59 *Id.* 325; 76 *Id.* 325; 76 *Id.* 135; 77 *Id.* 436; 90 *Id.* 256.

*A. B. Shafer,* for appellee.

Instruction 4, as is made clear by instruction 3 given by the court, did not require the plaintiff to prove his case beyond a reasonable doubt, but was intended only to emphasize the fact that if the evidence was equally balanced, if the circumstances in evidence were explainable on two theories, equally reasonable, plaintiff had failed to make out his case. 77 S. W. 69; 99 Mass. 605; 117 S. W. 91.

HUMPHREYS, J. Appellant instituted suit against appellee in the Crittenden Circuit Court to recover damages in the sum of $3508.42, the value of 28 bales of cotton, stored in appellee's warehouse and destroyed by fire through appellee's alleged negligence in permitting loose lint cotton and sawdust to remain on the ground and

platform near the warehouse, and in not preventing the fire after it was discovered.

Appellee filed an answer, specifically denying that the fire originated or continued after discovery through its negligence.

The cause was submitted upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment for appellee, from which an appeal has been duly prosecuted to this court.

The evidence adduced by appellant tended to show that the warehouse and contents were destroyed by fire originating in the sawdust and lint cotton round about and under the warehouse. The evidence of appellee tended to show that the fire originated from a bale of cotton which had been delivered and placed near the center of the compress, and which was burning on the interior when received, the fire being undiscoverable until it burnt out and came in contact with the air, at which time it flashed up and could not be extinguished.

Appellant insists that the court committed reversible error in giving appellee's requested instruction No. 4, which appellant interprets as requiring him to establish the origin of the fire to a moral certainty, or beyond a reasonable doubt. Appellee insists that the instruction simply emphasized that the burden of proof rested upon appellant, and has no reference to the degree of persuasion to which the jury should be brought before it should find for appellant. The instruction is as follows:

"Evidence may be either direct or circumstantial. Circumstantial evidence is the evidence of certain facts from which are to be inferred the existence of other material facts bearing upon the question at issue, or facts to be proved. But, while circumstantial evidence is legal and proper, you are instructed that no inferences or presumptions should be indulged in by you that do not necessarily arise from the circumstances proved. In other words, the circumstances proved must convey by a logical train of reasoning that the defendant was negligent, and

that such negligence was the direct and proximate cause of the loss of the plaintiff's cotton by fire, before you can find in favor of the plaintiff. If the circumstances in evidence are explainable on any other reasonable theory than that of the negligence of the defendant, your verdict should be for the defendant.''

We think the last clause of the instruction imposed upon appellant the duty to establish his theory of the origin of the fire to the exclusion of any other reasonable theory as to how the fire originated, which, in effect, told the jury that appellant must establish the origin of the fire beyond a reasonable doubt. The only burden resting upon appellant was to establish his case by a preponderance of the evidence. The instruction was inherently wrong, and is not cured, as suggested by appellee, in instruction No. 3. The two were in direct conflict upon the extent of the burden of proof resting upon appellant, and because of the conflict the one cannot cure the other.

Appellant insists that the court erred in giving, on its own motion, the last instruction, which exempted appellee from liability for acts of third persons, without modifying it by adding the following clause: ''Unless, after the discovery of such negligence, the defendant was negligent in failing to prevent the loss of the plaintiff's cotton.''

All the instructions given are not abstracted, and we are unable, without exploring the transcript, to ascertain whether the modification requested was embodied in other instructions. The instruction, however, as given by the court, was erroneous for another reason, that is, for failing to embody the idea of appellee's liability for acts of third parties which it could have prevented through ordinary care. We are not reversing the case on account of this error, but, as the case must be reversed for error in giving appellee's requested instruction No. 4, we call attention to the error, so that the law may be properly declared on trial anew.

The judgment is reversed, and the cause remanded for a new trial.