BEASON *v.* WITHINGTON.

4-3457

Opinion delivered May 7, 1934.

212

*Henry J. Burney* and *O. W. (Pete) Wiggins*, for appellants.

*Floyd Terral*, for appellee.

SMITH, J. This suit was brought by appellants to recover damages to compensate personal injuries alleged to have been occasioned by the reckless and negligent driving of an automobile by appellee in which appellants were riding as guests of appellee at the time of their injury. During the progress of the trial the answer was amended, over the objection and exception of appellants, to allege that the plaintiffs, appellants here, were guilty of contributory negligence, and in the submission of that question to the jury an instruction numbered 13 was given over the objection and exception of appellants. This instruction reads as follows: "You are instructed that, if you find from all the evidence that the plaintiffs, Dovie Beason and Homer Beason and the deceased, Ruby Gerlain Beason, were of such age as to appreciate danger, and in possession of all their mental faculties, and that, at the time of the accident complained of, they were riding in an automobile driven by the defendant at a dangerously high rate of speed and being zig-zagged from one side of the highway to the other, and that they had been riding in said automobile for a sufficient distance prior to

the time of the accident for them to know, and they did know and realize, that said automobile was being driven at a high and dangerous rate of speed and in a careless and negligent manner, and knew defendant persisted in so doing, and, after possessing that knowledge, they had a reasonable opportunity to abandon said car without injury to themselves, but, instead of so doing, continued to ride with the defendant while the automobile was being operated in that manner after such discovery, if any, had been made by them, then they were guilty of contributory negligence, and they cannot recover in this action.''

There was a verdict for the defendant, upon which a judgment was rendered, from which is this appeal, and for the reversal of that judgment error is assigned in permitting the answer to be amended and in giving the instruction set out above.

Appellee insists that the errors assigned are such as may be brought upon the record only by a bill of exceptions, and he filed a motion to dismiss the appeal for the want of a bill of exceptions, which was overruled. Now that the case has been submitted on its merits, this motion was renewed.

It is true, as contended by appellee, that a bill of exceptions is necessary to bring the alleged errors into the record, and that they may not otherwise be considered; but we think it is also true that a sufficient bill of exceptions was prepared and filed to present the questions later discussed. The bill of exceptions as filed does not purport to set out all the testimony heard at the trial from which the appeal comes, and, this being true, the presumption must be indulged, in accordance with well-settled rules of practice, that the verdict and judgment accorded with the testimony.

Neither the statute nor the rules of this court require a transcription of all the oral testimony into a bill of exceptions. It is not essential that we be furnished all the testimony to consider specific assignments of error.

The statute provides (§ 1318, Crawford & Moses' Digest) that the party objecting to a decision must ex-

cept at the time the decision is made, but may be given time to reduce the exception to writing, but not beyond the next succeeding term of court. No particular form of exception is required, except that: "The objection must be stated, with so much of the evidence as is necessary to explain it and no more, and the whole as briefly as possible." Section 1319, Crawford & Moses' Digest. It is further provided that: "Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing and present it to the judge for his allowance and signature. If true, it shall be the duty of the judge to allow and sign it; whereupon, it shall be filed with the pleadings, as part of the record, but not spread at large on the order book. * * *" Section 1321, Crawford & Moses' Digest.

Rule XV of this court (163 Ark., page XXXII) reads, in part, as follows: "Bills of exceptions, except in cases of felony, shall be so prepared as only to present to the Supreme Court the rulings of the court below upon some matter of law; and shall contain only such statements of facts as may be necessary to explain the bearing of the rulings upon the issues or questions involved; and, if the facts are undisputed, they shall be stated as facts, and not the evidence from which they are deduced; and if disputed, it shall be sufficient to state that evidence was adduced tending to prove them instead of setting out the evidence in detail, but if a defect of proof be the ground of ruling or exception, then the particulars in which the proof is supposed to be defective shall be briefly stated, and all the evidence offered in any wise connected with such supposed defect shall be set out in the bill of exceptions."

In the ordinary trial many exceptions are saved, during its progress, to various rulings of the presiding judge, and the practice has become quite general to have trials reported stenographically and to have transcriptions made of all the stenographic notes. This is done to more fully reproduce and reflect the incidents of the trial in their continuity so as to more fully explain the

objections to the overruling of which the exceptions were saved. But neither the statute nor the rules of court require this to be done, as appears from the rule and the statutes from which we have quoted. An appeal might be taken upon a bill of exceptions which presented only a single exception saved at the trial, provided so much of the proceedings at the trial were recorded as was necessary to sufficiently explain it.

Chief Justice Cockrill discussed the functions of a bill of exceptions in the case of *McKinney* v. *Demby,* 44 Ark. 74. In that case the bill of exceptions did not show that it contained all the evidence adduced at the trial, and for that reason he said that the sufficiency of the evidence to support the verdict would not be considered. In that case he said also that an objection that a certain instruction should not have been given would not be considered for the reason that there might have been testimony which made the instruction proper, and that in the case stated every intendment would be indulged in favor of the action of the trial court, and that this court would presume that every fact susceptible of proof that could have aided appellee's case was fully established, the salutary rule being applied that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it affirmatively appear that it is erroneous.

Pleadings may be amended, and in some cases will be treated as amended, even during the progress of a trial, proper conditions being imposed to prevent surprise and injustice in the particular case, but, as there is no showing of the conditions under which the answer of appellee was amended, it will be conclusively presumed that no error was committed in permitting that action.

Now a judgment would not be reversed where the bill of exceptions showed only the refusal of the court to give a proper and correct instruction. This is true because the presumption would be indulged that other and correct instructions were given which made the giving of the particular instruction unnecessary or superfluous. But a judgment would be reversed when the bill of exceptions showed only the giving of an erroneous instruction,

and its relevancy to the points in issue, provided it was so inherently erroneous that it could not be cured by other instructions explanatory of it. If it could be, the presumption would be indulged that it had been.

Applying this well-known rule to instruction numbered 13, set out above, we conclude that the instruction is not so inherently erroneous as to require the reversal of the judgment. We said, in the case of *Graves* v. *Jewell Tea Co.*, 180 Ark. 980, 23 S. W. (2d) 972, that while the negligence of the driver of an automobile cannot be imputed to one riding with him as a guest, it is the duty of the guest to exercise ordinary care for his own safety, and that the failure to exercise such care which contributed to his injury constituted contributory negligence and defeated a recovery. See also *Carter* v. *Brown*, 136 Ark. 23, 206 S. W. 71; *Pine Bluff Co.* v. *Whitlaw*, 147 Ark. 152, 227 S. W. 13; *Miller* v. *Ft. Smith L. & T. Co.*, 136 Ark. 272, 206 S. W. 329; *Itzkowitz* v. *P. H. Ruebel & Co.*, 158 Ark. 454, 250 S. W. 535; *Arkansas P. & L. Co.* v. *Heyligers*, 188 Ark. 815, 67 S. W. (2d) 1021.

Instruction numbered 13 declared the duty of the guest to leave the car where the driver had ignored protests to cease his reckless driving, and stated this duty to be to leave the car if afforded reasonable opportunity to do so. Other instructions may have defined reasonable opportunity.

In the chapter on Guest and Passenger, vol. 5-6, of Cyclopedia of Automobile Law (Huddy) (9th ed.), § 145 subhead, ''Remaining in machine after protest,'' it is said: ''The circumstances may be such as to charge the occupant with negligence as a matter of law, where he unreasonably remains in the machine after adequate opportunity is offered for alighting, or, at least, where he fails to insist on leaving the car. But this duty is not absolute, the question whether a failure to leave the vehicle is a want of ordinary care being dependent on the circumstances of the particular case.''

It is easily conceivable that cases might arise where it would not be negligence for the guest to remain in the car after making futile protest against the recklessness

or negligence of the driver. The case of *Krause* v. *Hall,* 195 Wis. 565, 217 N. W. 290, was such a case, and the Supreme Court of Wisconsin there said: ''The jury might well have believed that the ordinary person would have taken chances on remaining in the car rather than be let out on a highway many miles from home on a dark night. It seems fairly plain that in every respect the question of plaintiff's contributory negligence was for the jury, and that their finding with reference thereto cannot be disturbed.'' See also *Klopfenstein* v. *Eads,* 143 Wash. 104, 254 Pac. 854; *Archer* v. *Bourne,* 222 Ky. 268, 300 S. W. 604; *Shields* v. *King,* 207 Cal. 275, 277 Pac. 1043; *Trotter* v. *Bullock,* 148 Wash. 516, 269 Pac. 825.

Other instructions may have explained when it was the duty of the guest to leave the car, reasonable opportunity being afforded to do so, and we cannot therefore say that the instruction was so inherently erroneous as to require reversal of the judgment.

As no error appears, the judgment must be affirmed, and it is so ordered.