FISHER v. ARKANSAS POWER & LIGHT COMPANY.

4-6336 150 S. W. 2d 959

Opinion delivered May 5, 1941.

*H. B. Means,* for appellant.

*House, Moses & Holmes,* for appellee.

SMITH, J. Appellants sued appellee to recover damages alleged to have been occasioned by the negligent operation of dams which appellee maintained across Ouachita river. The nature of the suit is reflected in an instruction numbered 5, given over the objections of appellants, which reads as follows:

"Defendant is the owner of Carpenter and Remmel Dams on the Ouachita river. The defendant has a right to operate said dams for the purpose of generating electricity, and it may impound the waters behind said dams so as to maintain the lake levels at stages equal to the heights of the dams. The defendant, in the operation of its dams, has the right to let the water pass through the gates of its dams at such times and in such quantity as is reasonably necessary for the operation and maintenance of defendant's property, and the owners of the lands below said dams own and enjoy their property subject to these rights of the defendant in this respect. So if, in the operation of its dams, the defendant opens its gates, and lets through various quantities of water within its rights and not in a negligent manner,

and by reason of the passage of this quantity of water, property of plaintiffs is damaged, then the landowners must bear the loss, and you must find for the defendant.''.

There was a verdict and judgment for appellee, from which is this appeal, and for the reversal of that judgment no error is assigned except the giving of this instruction numbered 5.

Appellee has moved to dismiss the appeal upon the ground that there is no bill of exceptions, the insistence being that the instruction may not be considered in the absence of a bill of exceptions. All the instructions given in the case are copied in the transcript, and the clerk of the court has made a certificate to that effect. In addition, there appears in the transcript the following certificate signed by the trial judge:

''I, Thomas E. Toler, judge of the Seventh Judicial Circuit, present and presiding at the trial of the cause of J. W. Fisher and F. R. Harper, plaintiffs, vs. Arkansas Power & Light Company, case No. 3147, defendant, hereby certify that the foregoing written instructions are all of the instructions, asked, modified and given on behalf of the plaintiffs and the defendant, and that exceptions were duly saved by the plaintiffs to the giving by the court of instruction No. 5 as requested by the defendant.''

None of the testimony offered at the trial appears in the transcript.

This proceeding is unusual, but is not unauthorized. It is provided by § 1544, Pope's Digest, that ''No particular form of exception is required. The objection must be stated, with so much of the evidence as is necessary to explain it and no more, and the whole as briefly as possible.'' Section 1545, Pope's Digest, provides that ''Where the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted, at the end of the decision, that he excepts.'' It is further provided in § 1546, Pope's Digest, that ''Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the

party excepting must reduce his exception to writing and present it to the judge for his allowance and signature.''

In construing these sections of the statute we said in the case of *Beason* v. *Withington,* 189 Ark. 211, 71 S. W. 2d 461 (to quote a headnote), that ''An appeal may be taken upon a bill of exceptions which presents only a single exception saved at the trial, provided so much of the proceedings at the trial were brought up as was necessary to explain the exception.''

Appellants have the right, therefore, to have this instruction reviewed; but, in reviewing it, in the absence of any testimony taken at the trial, it will not be held erroneous if any testimony might have been offered as to which the instruction correctly declared the law. In other words, if the instruction was a correct declaration of the law, as applied to any state of facts, it will be conclusively presumed that such testimony was offered, and the instruction will not be held to be erroneous unless it is so fundamentally erroneous that it can not be said to be the law as applied to any state of facts.

The court did not direct a verdict for the defendant. Had this been done, it would be presumed, in the absence of the testimony, that this action was correct under the testimony. But the giving of this instruction reflects the view of the court that the testimony presented an issue properly to be submitted to the jury. Now, if any testimony could have been offered as to which the instruction correctly declared the law, then the instruction will not be held erroneous.

The insistence of appellants is that the instruction is fundamentally erroneous, for the reason that it, in effect, tells the jury that appellee had the right to impound or release the water in the river without reference to the rights of the riparian owners, provided only that it served appellee's purpose to do so. If this is the meaning of the instruction, then it is erroneous, and would not be the law as applied to any state of case. But we do not so interpret the instruction. It does tell the jury that appellee had the right to operate the dams for the purpose of generating electricity, and for that pur-

pose had the right to impound the water behind the dams so as to maintain the lake level at stages equal to the heights of the dams, and that appellee, in the operation of its dams, had the right to let the water pass through the gates of its dams at such times and in such quantity as was reasonably necessary for the operation of the dams for their intended purposes, and that the owners of the lands below the dams held their property subject to these rights of appellee. But the instruction proceeded to say, ''So, if in the operation of its dams, the defendant opens its gates and lets through various quantities of water within its rights and not in a negligent manner, and by reason of the passage of this quantity of water, property of plaintiffs is damaged, then the landowners must bear the loss, and you must find for the defendant.''

The instruction plainly tells the jury that in releasing the impounded water appellee must have acted ''within its rights and not in a negligent manner.'' Other instructions not being incorporated in the bill of exceptions, it will be conclusively presumed that the jury was told when appellee was acting within its rights in releasing water, and what conduct on its part in this respect would constitute negligence. Indeed, it is conceded that other instructions did correctly declare the law in these respects, the insistence being that those instructions are in conflict with instruction numbered 5. But, as we have said, instruction numbered 5 does not entitle appellee to release the impounded water except when in the exercise of its right to release the water, and that this right must not be exercised in a negligent manner.

It is urged that instruction numbered 5 is in conflict with the law as decided in the case of *Arkansas Power & Light Co.* v. *Beauchamp,* 184 Ark. 698, 43 S. W. 2d 234. In that case a judgment for damages was affirmed for the negligent operation of the same dams here involved. But in summarizing the testimony in that case is was said: ''These circumstances warranted the inference that the water came from Lake Catherine, and that the floodgates had been opened negligently, thus precipitating within a few hours the water which before had

flowed more slowly down stream." It thus appears that there was testimony in that case to support the finding that the dams had been negligently operated. That finding, if made, would have supported a recovery in this case, but the instruction required that finding to be made.

Instruction numbered 5 does. not tell the jury that appellee had the right to operate the dams in any manner it pleased, and without reference to the rights of the riparian owners. On the contrary, the instruction required that appellee operate the dams "within its rights and not in a negligent manner," and the instruction was not, therefore, so fundamentally erroneous that it could not be the law as applied to any state of facts; indeed, it does not appear to be erroneous as applied to any state of facts. Appellee was entitled to operate the dams "within its rights," but it could not exercise those rights in a negligent manner.

We must presume—and, in the absence of the testimony, the presumption is conclusive—that appellee operated the dams "within its rights," and did not do so in a negligent manner.

The judgment must, therefore,. be affirmed, and it is so ordered.

MEHAFFY, J., dissents.