TONNE, ADMINISTRATRIX *v.* KOLLMEYER.

5-69                                    257 S. W. 2d 270

Opinion delivered April 20, 1953.

Rehearing denied May 18, 1953.

*James R. Hale* and *Irving R. Kitts,* for appellant.

*Greenhaw & Greenhaw,* for appellee.

GEORGE ROSE SMITH, J.   In 1951 Arthur Tonne was killed in a collision between his car and a truck owned by the appellee, Monkem Company, and being driven by its employee, the appellee Kollmeyer.   This is a suit by Tonne's administratrix to recover for his wrongful death and for the damage to the car.   Trial before a jury resulted in a verdict for the defendants.

The appellant, complaining only of errors in the court's instructions, elected not to have the testimony included in the bill of exceptions.   This practice, although seldom followed, is to be encouraged as a method of reducing the expense of litigation and of eliminating from the transcript matters that are not essential to the disposition of the appeal.   Our rules and our cases ap-

prove the practice, Supreme Court Rule 15; *Fisher* v. *Ark. P. & L. Co.*, 202 Ark. 433, 150 S. W. 2d 959; but, as we held in the case cited, if an instruction would be a correct declaration of law upon any state of facts we must, in the absence of the testimony, presume that proof was offered which made the giving of the instruction proper.

At the outset the appellees say that they were entitled to a directed verdict; so the appellant could not have been hurt by the giving of erroneous instructions. *Hignight* v. *Blevins Implement Co.*, 220 Ark. 399, 247 S. W. 2d 996. With the testimony not before us we have no way of knowing whether there was any question for the jury, and had the trial court directed a verdict we would have presumed that the evidence justified that action. But here the judge felt that the case was one for the jury, and fairness to the trial court and to the appellees does not require us to go to the length of presuming that the judge made an error in submitting the case to the jury. Rather, if the appellees intended to make this argument for affirmance they could, under Rule 15, have brought up the testimony themselves and have recovered the additional cost if their position proved to be well taken.

Over the plaintiff's objection the court modified an instruction on circumstantial evidence by adding a proviso that the conclusion from the facts proved must be inferable ''to the exclusion of every other reasonable hypothesis.'' This qualification is common enough in criminal cases, but in a civil case such a charge is inherently wrong for the reason that it requires the facts to be proved beyond a reasonable doubt. *Cloar* v. *Consumers' Compress Co.*, 150 Ark. 419, 234 S. W. 272. An inherently erroneous instruction is reached by a general objection; so we need not consider the appellees' contention that certain specific objections made after the trial came too late.

Reversed and remanded for a new trial.