BERGMEN *v.* MABERRY.

5-1447                                    309 S. W. 2d 305

Opinion delivered February 3, 1958.

598

*J. B. Milham,* for appellant.

*Festus O. Butt,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Rena Bergmen, filed suit against appellee alleging that she went to appellee's office, accompanied by her husband, for the purpose of obtaining a check which had been issued to Mrs. Bergmen's husband, and which she alleged was being held by Mr. Maberry. It was alleged that Maberry, after knocking Mr. Bergmen off the porch, then struck and knocked appellant off the porch into the yard where she fell on rocks and concrete and sustained various injuries. The complaint sought $10,000 actual damages, and $15,000 punitive damages. On trial, the jury returned a verdict for appellee, and from the judgment comes this appeal.

For reversal, it is first contended that the court erred in not sustaining appellant's demurrer to the second paragraph of Maberry's answer. The answer consisted of two parts, first, a general denial, and second, "that if in fact the plaintiff was in anywise injured or incommoded at the time and place mentioned in complaint, that same was due solely and wholly to her own negligence." We do not agree with appellant's contention. While Mrs. Bergmen's negligence would not constitute a defense to an assault and battery action, we consider the allegation in the instant case to be mere surplusage, adding nothing to paragraph one, which paragraph denied the material allegations of the complaint. We do not take the view that such paragraph set up a defense of contributory negligence, nor was any such theory adopted by the court in instructing the jury.

The testimony is not included as a part of the record, but judging from the instructions offered, the defense advanced by appellee during the trial was that he acted in self defense; appellant complains that the court erred in instructing the jury relative to self defense for the reason that same was not pleaded by appellee. Self defense is a *bona fide* defense to a civil action for assault and battery, *Downey* v. *Duff,* 106 Ark. 4, 152 S. W. 1010. We are not in a position to pass upon appellant's contention for the reason that the record before us does not reflect whether the testimony offered by appellee relating to self defense was objected to at the time by appellant, or whether a motion was made by appellee to treat the pleadings as amended to conform to the proof. In addition, appellant did not designate the points upon which he relied for reversal as required by Act 555 of 1953[1]; appellee, accordingly, had no occasion or opportunity to bring into the record the rulings of the trial court relating to such defense.

Appellant complains that the court erred in giving various instructions (five in number), and in modifying one offered by appellant. As previously pointed out, the testimony is not included in the bill of exceptions. In *Tonne, Administratrix* v. *Kollmeyer,* 222 Ark. 23, 257 S. W. 2d 270, this Court said: "* * * If an instruction would be a correct declaration of law upon any state of facts, we must, in the absence of the testimony, presume that proof was offered that made the instruction proper[2] * * *." We have carefully examined each instruction and, applying the above holding, are unable to say that the court committed reversible error in giving same.

The judgment is affirmed.

---

[1] Section 11. Statement of Points. No motion for a new trial and no assignment of errors shall be necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal.

[2] To the same effect is the holding in *Fisher* v. *Ark. P. & L. Co.,* 202 Ark. 433, 150 S. W. 2d 959.