MISSOURI PACIFIC RAILROAD COMPANY v. NICHOLS.

5-1934                                                    328 S. W. 2d 856

Opinion delivered November 9, 1959.

*Pat Mehaffy* and *W. A. Eldredge, Jr.,* for appellant.

*John Harris Jones,* for appellee.

GEORGE ROSE SMITH, J. The appellee recovered a judgment for $3,500 for personal injuries and property damage suffered when his car was struck by one of the appellant's trains at a railroad crossing in the city of Pine Bluff. Since the judgment must be reversed on

account of an erroneous instruction it becomes necessary to discuss only that instruction and the sufficiency of the evidence to make a case for the jury.

The accident happened at about seven o'clock upon a November evening in 1956. Nichols, who was familiar with the crossing, says that he stopped his car at a point about 52 feet from the tracks, looked both ways, and did not see the approaching train, though it must have been within view. He proceeded slowly forward without again looking in either direction and was hit when he had almost crossed the tracks. The defendant's train was traveling at about ten miles an hour, with its headlights burning, but there is evidence that no whistle was sounded nor any bell rung. Upon these facts the appellant insists that it was entitled to a directed verdict, citing as conclusive our holding in *Mo. Pac. R. Co.* v. *Dennis*, 205 Ark. 28, 166 S. W. 2d 886.

The case was properly submitted to the jury upon the issue of comparative negligence. The *Dennis* case is not controlling, for it was decided under the original railroad comparative negligence statute, by which the plaintiff was precluded from a recovery if his negligence exceeded that of the railroad company. That statute was repealed by Act 191 of 1955, which governs the present case. *St. Louis S. W. Ry. Co.* v. *Robinson*, 228 Ark. 418, 308 S. W. 2d 282; *Chism* v. *Phelps*, 228 Ark. 936, 311 S. W. 2d 297. Under the 1955 act the appellee is entitled to a proportionate recovery if the appellant's negligence contributed in any degree to the cause of the collision, even though the appellee's negligence was the greater of the two. Since the jury might have found that the carrier's failure to give the statutory signals was a contributing cause of the accident the evidence presented a question for the jury.

The court erred, however, in giving this instruction at the plaintiff's request: "If you believe from the preponderance of the evidence in this case that reasonably prudent operation of a train in a heavily populated residential area requires the use of locomotives equipped with brakes which can be operated by the fireman as

well as the engineer, then the failure of defendant to use such a locomotive in this case would constitute negligence.''

The complaint did not allege that the defendant was negligent in not using a locomotive with brakes that could be operated by the fireman as well as by the engineer. There was nothing in the pleadings to put the defendant on notice that any such question would be an issue in the case. The proof indicates that this train was traveling in interstate commerce, but it is not suggested that the locomotive's brakes did not meet the requirements of the Federal Safety Appliance Act or the regulations thereunder, which are for the benefit of the traveling public. 45 USCA §§ 1 and 9; *Fairport etc. R. Co.* v. *Meredith*, 292 U. S. 589.

The only testimony on the point arose almost by chance during the cross examination of the defendant's fireman. This witness stated that he did not have access to the brakes "on this particular engine." Upon being questioned further he said that there are some classes of engines, a newer type, that have a valve by which the fireman can operate the brakes. This meager testimony, narrowing down to the bare statement that some of the more modern locomotives have dually controlled brakes, could not enable the jury to make an intelligent and informed determination of the question submitted to them. Compare *Miller* v. *Fort Smith L. & T. Co.,* 136 Ark. 272, 206 S. W. 329. Without passing upon whether the challenged instruction is in all respects a correct declaration of law we are of the opinion that in this case the instruction provided the jury with a roving commission to make a finding of negligence without any substantial or relevant proof to support that determination.

Reversed.