POOLE v. JAMES.

5-2087                                        333 S. W. 2d 833

Opinion delivered March 14, 1960.

[Rehearing denied April 4, 1960]

*Bon McCourtney & Associates,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

J. Seaborn Holt, Associate Justice. This appeal arises out of a traffic accident under our commonly called "Guest Statute," 75-913 — 15 Ark. Stats., and comes from a judgment entered on a verdict by the trial court, at the close of all the testimony, in favor of Orville James, appellee.

At about 12:15 A.M. on the morning of March 1, 1959, appellee, James, while intoxicated, was driving his automobile west along Highway 140 in Mississippi County, Arkansas. Thelma Boat was in the front seat with James and appellant, Lorraine Poole, and K. O. Smith were in the back seat. It appears undisputed that appellant, Thelma Boat and Smith were all guests of James and that all had, since about 9 P.M., been visiting a round of taverns drinking beer, dancing, and having a "good time". The evidence shows that two officers, Sharpe and Amos, had stopped another automobile to check its occupants a short distance west of West Ridge on said highway and parked their car on the highway shoulder. When appellee, James, reached this point, he brought his car to a stop behind officer Sharpe's car and in the right traffic lane of the highway, without leaving 20 feet [75-647 Ark. Stats.] of the paved part unobstructed. Appellee had his headlights on. Officer Amos took James from his car, asked him to walk a straight line, then put him (James) in Sharpe's car. Later, Sharpe put K. O. Smith in his car also. After James' car had been stopped on the highway as indicated, for about two and one-half minutes, a car driven by Troy Kennedy, who was also intoxicated, collided with the rear of James' car, injuring appellant, Lorraine Poole, who had remained in the car.

Our Guest Statute provides: "No person transported as a guest in any automotive vehicle upon the public highways or in aircraft being flown in the air, or while upon the ground, shall have a cause of action against the owner or operator of such vehicle, or aircraft, for damage on account of any injury, death or loss occasioned by

the operation of such automotive vehicle or aircraft unless such vehicle or aircraft was wilfully and wantonly operated in disregard of the rights of the others." Ark. Stats. 75-913. Therefore, before appellant, Lorraine Poole, could recover, the burden was on her to prove that her injuries were caused by James operating his automobile in a willful and wanton manner in disregard of appellant's rights, and this we hold she has failed to do. "* * * Willful misconduct, or to operate an automobile in willful and wanton disregard of the rights of others, means something more than gross negligence", and "* * * willful negligence is greater in degree than gross negligence; to be wilfully negligent one must be conscious of his conduct—that is, he must, in the light of surrounding circumstances, comprehend that his act will naturally or probably result in injury. Differently expressed, willful negligence 'involves the element of conduct equivalent to a so-called constructive intent'." *Steward, Administrator* v. *Thomas,* 222 Ark. 849, 262 S. W. 2d 901.

Appellant, Lorraine Poole, testified, in effect, that she was not intoxicated at any time while in James' car: "Q. * * * I believe you said you found nothing at all wrong in the operation of Orville's car and he parked his car in the same manner you would have? A. Yes." Thelma Boat testified that she and Lorraine Poole drank some whiskey before they met up with appellee, James, and K. O. Smith; that they all, including appellant, drank beer at the Three-Way Inn and that each one had several drinks of beer. Appellee, James, testified: "Q. When you would drink one, Lorraine would drink one, Thelma would drink one and K. O. drink one? A. Yes. Q. And then order another round? A. Another round. Q. You kept that up until about 12:15? A. Yes. Q. Were you feeling pretty good when you left? A. Yes, all right. Q. Everybody else was feeling pretty good when you left? A. That's right. Q. You all had that in mind, having a good time, when you left for Three-Way Inn? A. That's right."

Here the preponderance of the evidence, as indicated, shows that appellee, James, was drunk when he stopped his car on the highway. In *Sparks* v. *Chitwood Motor Company,* 192 Ark. 743, 94 S. W. 2d 359, in somewhat similar circumstances in which the court directed a verdict at the close of the testimony, we said: "* * * when a crowd of people go out together and all of them participate in drinking whiskey, and each one acquiesces in what the others are doing, all of them are guilty of negligence, and neither of them can recover against the other."

The degree of care required not only of the driver of the car, but also the occupants, is such care as a prudent person would exercise under the circumstances. Blashfield Cyclopedia of Automobile Law, § 631. * * * "The driver of the automobile was under no greater obligation to exercise care than the appellant was. Every one is under the duty to exercise ordinary care for his own safety," and in *Lewis* v. *Chitwood Motor Company,* 196 Ark. 86, 115 S. W. 2d 1072, we held: "A guest who is injured while riding with an intoxicated driver is precluded from recovery because of driver's intoxication when it is established that the driver was intoxicated or under the influence of liquor to such an extent as to make him a careless or incompetent driver, that the guest knew or should have known that the driver was under the influence of liquor, but nevertheless rode with him, and that the intoxicated condition of the driver caused or at least contributed to the injury."

Appellant testified and admitted that after appellee, James, had parked his car in a negligent manner, or in a dangerous position on the highway in question, and had gone with the officer, she, nevertheless, remained in the car for at least two and one-half minutes without attempting to remove herself from it before it was struck by Kennedy's car. In the circumstances, we hold that it was her duty, as appellee's guest, in the exercise of ordinary care for her own safety to have left the car during this two and one-half minute interval. We said in *Beason* v. *Withington,* 189 Ark. 211, 71 S. W. 2d 461,

"\* \* \* The circumstances may be such as to charge the occupant with negligence as a matter of law, where he unreasonably remains in the machine after adequate opportunity is offered for alighting, or, at least, where he fails to insist on leaving the car. But this duty is not absolute, the question whether a failure to leave the vehicle is a want of ordinary care being dependent on the circumstances of the particular case." In Blashfield Cyclopedia of Automobile Law and Practice, No. 4, Part 1, § 2415, we find this statement of the law: "Where the road becomes dangerous, or the speed of the machine in which a passenger or guest is riding becomes excessive or unlawful, or the driver is otherwise careless or reckless in his conduct, and this is or ought to be known to the passenger, he is under the duty, in the exercise of ordinary care, to protect himself from injury, to caution the driver of the danger, remonstrate against it, and, unless the dangerous character of the surrounding conditions or the dangerous manner of operation is altered in such a way as to lessen the grave potentiality of harm, to quit the car if that may be safely done, or to request the driver to stop the vehicle, and, when it has stopped, to get out of the car."

In the present case, we hold that while the evidence might be sufficient to establish gross negligence on the part of James, it falls far short of being of that willful and wanton character, as above defined, to warrant a recovery against him by appellant under our Guest Statute *supra.*

Affirmed.

McFADDIN, GEORGE ROSE SMITH & ROBINSON, JJ., concur.

GEORGE ROSE SMITH, J., concurring. I agree that the judgment should be affirmed, for want of any substantial evidence to show willful and wanton misconduct on the part of the appellee. He merely stopped his car on the traveled portion of the highway and left it there while obeying the instructions of the police. This conduct does not seem to me to involve anything more than simple

negligence, and consequently the court properly directed a verdict for the defendant.

The majority opinion, however, does not stop at this point. It goes on to charge the appellant with an insurmountable degree of contributory negligence, for the reason that she rode with an intoxicated driver and failed to leave the car promptly when it was stopped on the highway. Both these points involve issues of fact upon which the evidence is in conflict. Since it is our duty, in reviewing a directed verdict, to consider the proof in the light most favorable to the appellant, I am unwilling even to intimate that these two considerations tend to support the action of the trial court; for upon those questions I think it would have been proper to submit the case to the jury, if any willful and wanton misconduct had been shown.

McFADDIN and ROBINSON, JJ., join in this opinion.