**Pauline HARRIS, Appellant,**

v.

**Leonard E. PLUMMER, Appellee.**

**No. 3126.**

District of Columbia Court of Appeals.

Argued Jan. 21, 1963.

Decided April 19, 1963.

De Long Harris, Washington, D. C., for appellant.

Nathan L. Silberberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was a passenger in an automobile driven by a Mrs. Young and was injured when the Young car was struck in the rear by an automobile operated by appellee. A jury returned a verdict for appellee, and appellant assigns two alleged errors occurring at trial. The first relates to the refusal of the trial court to permit appellant's counsel to argue to the jury that appellee's automobile was driven at an excessive speed, and the second relates to the

court's charge to the jury on the doctrine of assumed risk.

Mrs. Young testified that because of a recent snowfall the road conditions on the day of the accident were bad; that when she approached an intersection controlled by a stop sign, another vehicle was already stopped there; that she brought her car to a stop but it hit an icy spot and skidded into the rear of the first car. After the impact Mrs. Young and appellant remained in their car; the driver of the first car stepped out and looked at the rear of his car to ascertain whether it had been damaged. He found no damage, returned to his car and drove away. At about this time appellee's car struck the Young car in the rear. Appellee testified that he had seen the two stopped cars and realized there had been a collision; that as he approached the cars and was about 75 feet from them, he reduced his speed to 10 or 15 miles an hour, intending to drive around the stopped cars; that he turned his steering wheel but the wheels of the car would not turn, and his car struck the Young car.

■ At the conclusion of appellant's case appellee moved for "dismissal of the complaint" (apparently he intended to move for a directed verdict) on the ground that appellant had failed to make a prima facie showing of negligence. When this motion was denied appellee moved to strike each of the specific grounds of negligence alleged by appellant—failure to maintain a proper lookout, failure to keep the vehicle under control and unreasonable speed. The court denied the motion to strike the first two allegations but granted the motion with respect to unreasonable speed. We have recently expressed our disapproval of this procedure, saying:

"If a plaintiff has made out a prima facie case, a motion for a directed verdict at the close of plaintiff's evidence should be denied without restriction. The theory or theories upon which the case is submitted to the jury should be determined at the close of all the evidence because some evidence elicited from defendant's witnesses may be advantageous to plaintiff." [1]

So it was in this case. Neither appellant nor her driver, Mrs. Young, saw appellee's automobile before the impact, and consequently could not testify to its speed. But if appellant made a prima facie showing of negligence, as she did, she was not precluded from relying on any evidence of unreasonable speed which might be developed from the testimony of appellee or his witnesses.

■ As the result of its erroneous ruling the trial court refused to permit appellant's counsel to argue to the jury the question of the reasonableness of appellee's speed. This was again error. Appellee had testified his speed may have been as high as 15 miles an hour, and appellant should have been allowed to argue to the jury that such speed under the existing circumstances was unreasonable.

■■ At the request of appellee, and over objection of appellant, the court instructed the jury:

"One who knows, appreciates, and deliberately exposes himself to a danger assumes the risk thereof. Therefore, if you find that the plaintiff knew or should have known of the dangerous situation in which she was leaving herself by remaining in Mrs. Young's car after what had happened to it, you may find that she assumed the risk of what happened thereafter and is not entitled to recover."

This instruction, as given, was erroneous, because it assumed the existence of a "dangerous situation." If an instruction on the subject was proper, determination of the existence or nonexistence of a dangerous situation was a factual question

1. Greet v. Otis Elevator Company, D.C.App., 187 A.2d 896, 897, footnote 1.

for the jury. More importantly, the instruction should not have been given at all, for the evidence was not such as to warrant a jury in finding assumption of risk, or more properly stated, contributory negligence.

 Although contributory negligence and assumed risk are closely related, they are distinguishable. Assumption of risk involves voluntary or deliberate incurring of a known danger; contributory negligence generally involves inadvertence or failure to observe or act.[2] There was no evidence here that appellant deliberately incurred a known danger.

We do not agree, as appellee would have us do, that a jury could reasonably find that appellant failed to exercise ordinary care for her own safety by remaining in the automobile after it had come to a stop. The collision of the Young car with the first car was minor and it was evident from the beginning that neither car was disabled. The driver of the first car, after inspecting its rear and seeing no damage, returned to his seat and immediately drove away. The Young car had not been stopped more than five minutes when it was struck, and appellee admitted that the first car had driven away just before he struck the Young car. Under these circumstances, we feel no jury could reasonably conclude that ordinary prudence required appellant to get out of the car and wait until it was ready to go.

This was not a case of an automobile being stalled on a railroad track, or disabled on the wrong side of a highway, or illegally parked at night on a highway. In such cases it has been held that a passenger or driver may be guilty of contributory negligence in remaining for any length of time in the car.[3] Here the car was stopped in daylight on a straight city street at an intersection where, regardless of the accident, it was necessary that it come to a stop. To say that appellant was negligent in not anticipating that another car might collide with the rear of her car would in effect be to say that any one who drives or rides in a car when snow or ice is on the streets is guilty of contributory negligence.

Reversed with instructions to grant a new trial.

2. Weber v. Eaton, 82 U.S.App.D.C. 66, 160 F.2d 577; see Harper and James, Law of Torts § 22.2, p. 1201; Prosser, Torts § 55 (2d ed.); Restatement, Torts § 893, comment c.

3. Gulf, M. & O. R. Co. v. Freund, 8 Cir., 183 F.2d 1005, 21 A.L.R.2d 729, cert. denied, 340 U.S. 904, 71 S.Ct. 280, 95 L. Ed. 654; Martin v. Sweeney, 207 Md. 543, 114 A.2d 825; Remmenga v. Salk, 150 Neb. 401, 34 N.W.2d 757; Poole v. James, 231 Ark. 810, 332 S.W.2d 833; Western Cas. & Surety Co. v. Dairyland Mut. Ins. Co., 273 Wis. 349, 77 N.W.2d 599.