BURT v. MISSOURI PAC. R. CO. et al.

(District Court, E. D. Arkansas, W. D. January 22, 1924.)

No. 6466.

1. Action ⊚═7—Plaintiff may dismiss action, and institute new action, joining other defendants regardless of motive.

Plaintiff may dismiss an action against one defendant, and institute a new action by joining other defendants, whom he considers liable for the injury, and his motive in joining such defendants is immaterial, if they are legally liable.

**2. Removal of causes ☞107(5)—Allegations of dismissal and bringing of new action could be considered only as indicating bad faith.**

On motion to remand an action against a railroad for death of plaintiff's intestate at a ·crossing, *held*, that allegations in railroad's petition for removal, as to dismissal of former action and bringing of new action against the railroad and two employees, could be considered only as a circumstance of plaintiff's bad faith in making such employees defendants.

**3. Removal of causes ☞102—Motion to remand granted, if one of resident defendants is proper party.**

A motion to remand an action to a state court, on the ground that petitioner's codefendants are citizens of the same state as plaintiff, must be granted, even if only one of such codefendants is a proper party.

**4. Removal of causes ☞36—If complaint fails to show liability of resident defendants, cause is removable by nonresident defendant.**

If a complaint fails to show a cause of action against any of the resident defendants as a matter of law, the nonresident defendant may treat them as having been fraudulently joined, and remove the cause to the federal District Court, if the amount involved exceeds $3,000.

**5. Master and servant ☞310—Employee guilty of nonfeasance cannot be joined with employer.**

Where employees are merely guilty of nonfeasance, they are not liable, and cannot be joined with the employer in third party's action for injuries.; but, if guilty of misfeasance, they may be joined.

**6. Removal of causes ☞31—Complaint held not to state cause of action against resident employees, and removal not prevented.**

Crawford & Moses' Dig. Ark. § 8568a, requiring locomotives to sound a whistle or ring a bell constantly within 80 rods of a crossing, gives a right of action for violation against the company alone, and a complaint in an action against the railroad and its engineer and fireman did not state a cause of action against the employees, based on the statute, so as to prevent removal of the action to the federal court.

**7. Master and servant ☞310—Employees concurrently negligent may be joined as defendants.**

Employees, whose concurrent common-law negligence causes an injury, may be joined with the employer as parties defendant.

**8. Removal of causes ☞29—Right to join defendants dependent on state law.**

The right to join employer and employees in an action for injuries, as respects right of removal, is determined by the law of the state in which the cause of action arose.

**9. Railroads ☞267—Railway employees liable for failure to give warning at crossings.**

It is the settled law of Arkansas that, if two or more parties are guilty of actionable negligence, all are liable to the party injured, and a common-law action for negligence was therefore maintainable against a railroad engineer and fireman for negligently approaching, without warning, a street crossing over which people were constantly crossing, though they were not liable under the statute.

At Law. Action by one Burt, as administratrix, against the Missouri Pacific Railroad Company and others. On motion to remand to the state court. Motion granted.

Frank Pace and T. W. Campbell, both of Little Rock, Ark., for plaintiff.

Thos. B. Pryor, of Ft. Smith, Ark., and H. L. Ponder, of Walnut Ridge, Ark., for defendant railroad company.

TRIEBER, District Judge. The plaintiff instituted this action against the defendant railroad company and two of its employees, one the engineer and the other the fireman of the train which, it is alleged, caused the death of the plaintiff's intestate. The complaint charged that the injury, from which death resulted to the intestate, was caused by the negligence of the defendants. It is alleged that, while the deceased was upon the track of said railroad in the act of crossing the same, at a public crossing, in the town of Beebe, Ark., he was struck by a train, operated by the railroad company; the defendant Peter St. Claire being then the engineer in charge of and operating the engine of said train, and the defendant Watson Smith was then and there the fireman upon the engine of said train, both of them being employees of the defendant railroad company. The acts of negligence charged against the defendants in the complaint are:

"(a) That said defendants Missouri Pacific Railroad Company, Peter St. Claire, and Watson Smith, each and every one of them, negligently failed and neglected either to sound the whistle or ring the bell upon the locomotive of the said train constantly through the 80 rods traveled by said train immediately prior to reaching the said crossing, as required by the statute of Arkansas.

"(b) That the said defendants then and there neglected and wholly failed to ring the bell or sound the whistle of the engine of said train at all as said train approached said crossing, or to give any signal whatever to warn persons of the approach of said train, although said crossing was in the heart of said town of Beebe, and many people were then and there almost constantly coming and going along said street and over said crossing, which fact was known by said defendants; the said defendants therefore failed to exercise ordinary care for the safety of persons then and there about to cross over said crossing, in violation of the duty imposed upon said defendants by law, but carelessly and negligently ran said train over said F. T. Burt, causing his death as aforesaid."

The railroad company, by proper petition and bond filed in the circuit court of White county, state of Arkansas, in which court the action was pending, removed it to this court. The grounds upon which the removal was sought are:

"That under the laws of the state of Arkansas, in which state the accident occurred, the defendants St. Claire and Smith are not liable for the acts, matters, and things set up in the plaintiff's complaint, and therefore the petitioner is in legal effect the sole defendant; that there is no cause of action in favor of plaintiff against its codefendants, or either of them, as there was no duty or obligation to plaintiff on their part either to sound the whistle or to ring the bell upon the locomotive constantly throughout the 80 rods traveled by said train immediately prior to reaching said crossing, and their neglect to do so, even if it should be true that they did so, created no cause of action in favor of plaintiff against them, or either of them."

It is further charged in the petition:

"That they were joined as parties defendant for the fraudulent purpose of preventing the petitioner railroad company from removing this cause to the federal court, and for the fraudulent purpose of defeating the federal court of its jurisdiction; that neither of said codefendants has any money or property on which a judgment could be collected, as they are laboring men, wholly unable to respond in damages."

294 F.—58

It is further alleged:

"That on June 5, 1922, the plaintiff, by the same attorneys now representing her in this action, instituted her action for the same injuries in the circuit court of Hempstead county, Ark., against the railroad company only, making the same allegations in said complaint, and praying the same relief as alleged and prayed in the complaint in this action; that, although plaintiff and her attorneys then knew all the facts alleged in this action, they did not make either of its codefendants parties defendant in that action; that in that action in the circuit court of Hempstead county, Ark., the petitioner filed its petition and bond for removal to the federal court, which motion was denied by said circuit court, and that after trial and verdict for the plaintiff in said cause in said court the petitioner appealed to the Supreme Court of Arkansas, on the ground, among others, that the trial court error in denying said petition for removal; that upon a hearing in the Supreme Court of Arkansas that court held that the circuit court of Hempstead county had erred in denying the removal, and reversed the cause, with directions to grant the petition to remove; that upon the filing of the mandate of the Supreme Court of Arkansas in said circuit court the cause was removed to the United States District Court for the Western District of Arkansas, and the transcript in regular course was lodged and the cause docketed, but before a trial could be had the plaintiff, through her attorneys, dismissed said cause on the 7th day of August, 1923, and immediately thereafter the plaintiff, through the same attorneys, filed this action in the circuit court of White county, except that they now add Peter St. Claire and Watson Smith as defendants, and praying the same relief as in the former action; that the object of making them codefendants is for the fraudulent purpose of preventing a removal of this cause to the federal court by the petitioner, and that it is not the purpose of this plaintiff or her attorneys, in making these employees parties defendant, to procure judgment against them, for the purpose of recovering or collecting any part of such judgment from them, but for the fraudulent purpose of preventing the removal by petitioner in this case to the federal court; that, so far as the petitioner's codefendants are concerned, the mere failure to perform the duties which it is alleged in the complaint they failed to do is a mere nonfeasance, and they are not liable for any injuries caused by these acts; that it is not alleged in the complaint that the defendant railroad company was present at the time of the alleged nonfeasance on the part of the engineer and fireman, and that it directed or authorized these acts, and the sole ground of recovery claimed in the complaint against this petitioner is that it is liable for the acts of its employees."

The state circuit court having granted a removal, the plaintiff has filed a motion to remand. The motion to remand alleges:

"That the petitioner's codefendants are citizens of Arkansas, of which state the plaintiff is also a citizen, and that this is not a separable controversy, and that the plaintiff has, under the laws of the state of Arkansas, a legal cause of action against each and all of the three defendants, and that it had a right to join all of them in this action. It denies that these employees were joined as defendants for the fraudulent purpose of preventing the petitioner from removing this cause, or that said employees are without means, so that no judgment could be collected from them."

The motion to remand is verified by one of the attorneys for the plaintiff. The only evidence introduced is a duly certified copy of the complaint of the plaintiff filed in the former action in the circuit court of Hempstead county, state of Arkansas, which shows that it is based upon the same acts of negligence as those set out in the complaint in this action, and that in that action the railroad company was the sole defendant.

[1, 2] That a litigant may dismiss an action against one defendant and institute a new action by joining other defendants, whom he considers liable for the injury inflicted, is beyond question. Nor is it material what induced the plaintiff to join the employees as defendants, if they are legally liable. The only ground upon which these allegations can be considered by the court on this motion are as a circumstance of the bad faith of the plaintiff in making the employees defendants in this action.

[3] Whether the engineer and fireman are both properly joined is immaterial, for, if either is a proper party, the motion to remand must be sustained.

[4] The real question to be determined is whether the complaint shows a cause of action against either of the employees of the railroad company, who are made defendants. If it fails to state a cause of action against neither of them, then they were improperly joined, and the real defendant in interest—in this instance, the railroad company—has the right to treat the action as being against it alone, and remove it. if the record shows. as it does in this case, that there is a diversity of citizenship between it and the plaintiff, and the amount involved exceeds $3,000. That upon such a state of fact the case is removable by the nonresident defendant is well settled.

[5] Where the employees are merely guilty of nonfeasance, they are not liable and cannot be joined with the employer corporation; but, if guilty of misfeasance, the rule is otherwise. In Plunkett v. Gulf Refining Co. (D. C.) 259 Fed. 968, the late District Judge Newman in a very able opinion reviewed the various authorities on that question, and it is needless to cite them in this opinion. It must be considered as thoroughly settled that, if the complaint shows on its face that the resident defendants cannot be held liable on the allegations in the complaint, as a matter of law, the nonresident defendant may treat them as having been fraudulently joined, and remove the case to the national court of the district in which the suit is pending.

Are these employees, who have been made codefendants with the railroad company, or either of them, liable upon the allegations in the complaint? The complaint seeks to charge them as being liable upon two grounds, as hereinbefore set out:

(a) Having failed to sound the whistle or ring the bell upon the locomotive of the train when approaching the crossing, in violation of the statutes of this state.

(b) That they were guilty of such negligence as makes them jointly liable with the employer at common law, regardless of the statute.

[6] I. Is the engineer or fireman liable in an action for injuries sustained by one run over by a train, the locomotive of which was operated by them, for having failed to ring the bell or sound the whistle of the locomotive when approaching a street crossing, on which the plaintiff's intestate was run over and sustained injuries, which resulted in his death, in view of the statute of the state of Arkansas? The statute of the state of Arkansas, upon which counsel for plaintiff rely, is section 8568a, Crawford & Moses' Digest of the Statutes of Arkansas. That section reads:

"*Duty to Ring or Whistle at Crossing.* A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to the county; and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect.".

While this section has never been construed by the Supreme Court of the state, another provision in the same statute (section 8568), known as the "lookout statute," has been construed by that court, in Lusk v. Osborn, 127 Ark. 170, 191 S. W. 944, and before then by the late Judge Rogers, in a cause pending in the Circuit Court of the United States for the Western District of Arkansas, in Lockard v. St. Louis & S. F. Railroad Co., 167 Fed. 675. That section reads:

"*Duty of Trainmen—Burden of Proof.* It shall be the duty of all persons running trains in this State upon any railroad to keep a constant lookout for persons and property upon the track of any and all railroads, and if any person or property shall be killed or injured by the neglect of any employee of any railroad to keep such lookout, the company owning or operating any such railroad shall be liable and responsible to the person injured for all damages resulting from neglect to keep such lookout, notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee or employees in charge of such train of such company could have discovered the peril of the person injured in time to have prevented the injury by the exercise of reasonable care after the discovery of such peril, and the burden of proof shall devolve upon such railroad to establish the fact that this duty to keep such lookout has been performed."

In that case Judge Rogers had first held that the cause was not removable and ordered its remand, but upon a rehearing, after a careful examination of the authorities, that learned judge held that, under the lookout statute of the state, the railroad only is liable, and no action would lie against its negligent employees. The same conclusion was reached by the Supreme Court of Arkansas in the Osborn Case. The court there held:

"The lookout statute undertakes only to create responsibility on the part of the railway company, and it had no application in the case of an injured employee who assists in the operation of the train."

From what has been said it results that a complaint for injuries sustained by reason of the failure of the engineer and fireman to sound the whistle or ring the bell, as required by the statutes of Arkansas, does not state a cause of action against them.

[7] II. Does the other ground upon which plaintiff relies, that by failing to sound the whistle or ring the bell on the locomotive of that train, or give any signals or warning, when approaching a street crossing of a town over which many persons were constantly crossing, constitute such negligence on the part of those in charge of the locomotive propelling the train as to make them liable at common law? If there is a common-law liability, then the persons guilty of negligence, which is misfeasance, causing the injury, are liable, and may be joined in an action in which the plaintiff relies on the common law. A lead-

ing case on that subject is Chesapeake & Ohio R. R. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, where, after a careful review of all the authorities by the Chief Justice, it was held that in an action of tort, when the employees of the railroad company in charge of the train are guilty of concurrent negligence with the railroad company, the controversy is not separable, and the cause not removable from a state to a national court by the nonresident employing company. This has been followed by the Supreme Court in Alabama Southern Railway Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, and in every action arising in a court of the United States since. ·

[8] The right of joinder in such cases is to be determined by the law of the state, in which the cause of action arose. Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090; Chicago, B. & Q. R. R. v. Willard, 220 U. S. 413, 422, 31 Sup. Ct. 460, 55 L. Ed. 521; Chesapeake & Ohio R. R. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544.

[9] It is the settled law of the state of Arkansas that if two or more parties are guilty of actionable negligence, all are liable to the party injured (City Electric Street Railway Co. v. Conery, 61 Ark. 381, 387, 33 S. W. 426, 31 L. R. A. 570, 54 Am. St. Rep. 262; Pine Bluff Water & Light Co. v. McCain, 62 Ark. 118, 34 S. W. 549), and, of course, being liable may be joined. In Lusk v. Osborn, 127 Ark. 170, 191 S. W. 944, the court, having held, as hereinbefore stated, that the engineer and fireman were not liable for failing to comply with what is known as the lookout statute of the state, further held:

"Independently of that statute or any other, a person is liable in damages for a negligent act of his own which causes injury to his fellow servant. In such a case the failure to keep a lookout pursuant to the requirements of the statute may not constitute negligence as a matter of law, but it may justify a finding of negligence under the circumstances of a given case. The charge of negligence in this respect, therefore, constitutes a cause of action against the employee who committed the negligent act, which may be joined with an action against the superior who is in law responsible for it."

It follows that, although there is no liability on the part of employees for noncompliance with the requirements of section 8568a, Crawford & Moses' Digest, a common-law action may be maintained against them for negligently approaching the street crossing in a city which many people are constantly crossing, and by reason thereof running over a person crossing it.

The motion to remand on the second ground is sustained.