4-6626                                          158 S. W. 2d 658

Opinion delivered February 9, 1942.

*Bradley & Patten,* for appellant.

*Barber, Henry & Thurman,* for appellee.

MEHAFFY, J.   The appellant, Clara Camille Collett, by guardian and next friend, Commercial National Bank, brought this action against the appellees, N. C. Loews and T. L. Roberts, alleging that on January 26, 1939, the appellant, a 12 year old girl, was riding her bicycle home from school; she lived on long West 17th Street, North Little Rock, and attended the public school located on Fourth Street in that city; she left the school about 3:30 p. m., and proceeded west on Fourth Street, under the Missouri Pacific viaduct, turned north on Pike Avenue and was traveling north on that street when she was struck by a truck driven by the appellee, N. C. Loews, and owned and operated by the appellee, T. L. Roberts; the collision occurred in front of Holloway's Cafe near the place where Seventh Street enters Pike Avenue;

appellant was riding about two or three feet from the right curb; a Chevrolet passenger car was parked on the east side of Pike Avenue directly in front of Holloway's Cafe; when appellant was nine or 10 feet from the parked car she glanced over her left shoulder and, seeing no vehicle behind her, turned out to pass the parked car, leaving a distance of one and one-half or two feet between the right handle bar of her bicycle and the parked car; she had passed the left rear wheel and fender of the car when the truck, drawing a huge trailer, passed her and the trailer body struck the left handle bar of her bicycle, knocking her and her bicycle to the ground and under the truck, causing severe injuries; the weather was clear, and no vehicles were approaching from the north; no warning signals were given by the driver of the truck, and he was traveling at least 25 miles per hour as he approached and passed appellant.

The appellees filed answer denying each and every material allegation of the complaint and further answering stated and alleged that if Clara Camille Collett was injured at the time and place complained of, said injuries were received as the result of the contributory negligence of the appellant; that she was, at the time, not exercising the degree of care which a person of her age is required to exercise, in that appellant negligently drove her bicycle into the rear of the defendants' truck. They further alleged that if appellant was injured at the time and place complained of the accident and the resulting injuries, if any, were the result of her own active negligence. They also pleaded that it was an unavoidable accident.

At the conclusion of appellant's testimony the court directed a verdict for the appellees. Motion for new trial was filed and overruled, and the case is here on appeal.

It was stipulated that Loews was driving the truck and was acting for his master, Roberts, at the time of the accident.

The appellant testified in substance that her name is Clara Camille Collett; that she was 14 years old on November 9, 1940, and was a few months past 12 in

January, 1939; that she lives in North Little Rock; the accident happened about 4 p. m., January 26, 1939, in front of Holloway's Cafe on Pike Avenue in North Little Rock; she was going at regular speed about a foot and a half from the right curb; saw the parked car and about nine feet from it glanced back and turned out to go around it; saw no car coming and heard no horn blow; did not know a car was behind her; turned out to go around parked car; her right handle bar would be a foot or foot and a half from parked car; had gone about half way around the car when she was struck; thinks it struck her handle bar and then her shoulder; she was knocked under the truck, saw the wheel coming and rolled out of the way, but it ran over her left ankle; the weather was clear and cold, saw no car approaching from opposite direction. Here witness put on the coat she was wearing at the time of the accident and showed the court and jury the wheel mark on it. She further testified that her bicycle was torn up and her ankle fractured. She related the details of the injury, hospitalization, etc., which is not abstracted. She could not give an estimate of the speed at which the front part of the tractor and trailer passed her; the first recollection that it passed was when it hit her; she did not tell the officer that she turned in to pass around the parked car and became excited.

Harold Hunter testified in substance that he was connected with the North Little Rock police force and investigated the accident; the street at the scene of the accident was 30 feet wide; a Chevrolet coupe was parked on the right side of the street slightly north and across from Holloway's Cafe; the weather was dry and clear; made the investigation about 4 p. m.; there was a mark on the trailer which investigation satisfied the police was made by the handle bars of the bicycle.

W. L. Riley testified in substance that he is with the Singer Sewing Machine Company in Houston; located in Little Rock in 1939 and witnessed the collision of the truck and bicycle; Mr. Kitsmiller and witness were going north on Pike Avenue about 50 feet behind the truck, going about 20 or 25 miles an hour; it was a

clear day and the driver of the truck did not sound a signal as he approached and passed the Collett girl; if he did witness did not hear it; there were no cars coming from the opposite direction.

Mr. Kitsmiller also testified that he saw the accident and did not hear the truck driver give any signal warning to the girl that he was about to approach and pass her.

H. A. Bailey testified in substance that he is the stepfather of appellant; he measured the Chevrolet passenger car and it was 70 inches wide; also measured width of handle bars on the bicycle, which were 26¾ inches wide.

It was stipulated by the parties that the testimony of other witnesses which relate to damages only and do not touch on liability may be omitted from the bill of exceptions.

In this case no evidence was introduced on the question of liability or on the question of negligence and contributory negligence, except that set out above. If the evidence of appellant is believed, then no signal or warning was given of the approach of the truck and trailer, and while appellant was trying to pass the parked car, she was struck by the trailer.

This court has many times held that in testing the sufficiency of the evidence, where there has been a directed verdict, if there is any substantial evidence, it is the duty of the court to submit the question to the jury. This court said in the case of *Missouri Pacific Rd. Co.* v. *Westerfield,* 192 Ark. 558, 92 S. W. 2d 862: ''There are many decisions of this court to the effect that, if there is any substantial evidence to support the verdict of a jury, we cannot set the verdict aside. 'In testing whether or not there is any substantial evidence in a given case, the evidence and all reasonable inferences deducible therefrom should be viewed in the light most favorable to the party against whom the verdict is directed, and, if there is any conflict in the evidence, or where the evidence is not in dispute, but is in such a state that fair-minded men might draw different conclusions therefrom, it is error to direct a verdict.' *Smith* v. *McEachin,* 186 Ark.

1132, 57 S. W. 2d 1043. We have often held that in determining the sufficiency of the evidence to support the verdict, we must view the evidence with every reasonable inference arising therefrom, in the light most favorable to the appellee. *Roach* v. *Haynes,* 189 Ark. 399, 72 S. W. 2d 532; *Healy & Roth* v. *Balmat,* 189 Ark. 442, 74 S. W. 2d 242; *Camden Fire Ins. Ass'n* v. *Reynolds,* 190 Ark. 390, 79 S. W. 2d 54; *Ark. Sand & Gravel Co.* v. *Knight,* 190 Ark. 386, 79 S. W. 2d 71.''

The evidence introduced by the appellant was substantial evidence, and whether it was true or not was a question for the determination of the jury, not the court. It must be remembered that none of appellant's testimony was denied by the appellees, and inasmuch as the evidence offered by appellant was substantial, we have concluded that it was error for the court to deduce therefrom as a matter of law that there was no substantial evidence tending to show negligence on the part of appellees.

This court, in the case of *Mo. & N. A. Rd. Co.* v. *Johnson,* 115 Ark. 448, 171 S. W. 478, announced the rule as follows: ''We will not reverse the judgment because of the insufficiency of the evidence, for, as we view the evidence, it is not physically impossible that appellee was injured as the result of stepping into an unblocked frog, although it is highly improbable that the injury was caused in that manner.''

The only question before us, whether the court erred in directing a verdict or whether there was substantial evidence offered by the appellant, has been decided and discussed so many times by this court that we think it would serve no useful purpose to again discuss this question at length.

Having reached the conclusion that there was substantial evidence offered by the appellant, and that it was a question of fact for the jury, the judgment of the circuit court is reversed, and the cause remanded for a new trial.