WILSON *v.* PINKERT.

4-8038                              198 S. W. 2d 723

Opinion delivered January 20, 1947.

1094

*M. A. Matlock,* for appellant.

*Wm. J. Kirby,* for appellee.

SMITH, J. Appellees, Pinkert and Makrue, filed suit against Claude A. Rankin, State Land Commissioner of the State of Arkansas, containing the following allegations: Plaintiffs are the owners of town lots in Pulaski county, which are described. These lots were forfeited to the State for the nonpayment of the general, state, county, city and school taxes due thereon, and in due course the forfeiture was certified to the State Land Commissioner. It was alleged that the defendant, Claude A. Rankin, as State Land Commissioner, "if not restrained and permanently enjoined by order of the court: would sell and convey the lots by deed of conveyance to third parties, thereby creating illegal clouds upon plaintiffs' title to the said lots." The sales were alleged to be void for the reason that a tax for city firemen and policemen was included in the total tax for which the lots were sold, this being an illegal tax, as was held in the case of *Adamson* v. *City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558.

It was prayed that "a temporary restraining order be issued restraining and enjoining the defendant, Claude A. Rankin, as State Land Commissioner of Arkansas, from selling or attempting to sell said real estate to third parties until a final hearing may be had hereon, and upon a final hearing hereof, that said restraining order be made permanent and for all other relief to which they may be entitled."

A temporary restraining order was issued as prayed.

A demurrer to the complaint was filed, which should have been sustained, for reasons presently to be stated.

An intervention was filed by W. P. Wilson, in which he alleged that he was the owner of the described lots. The plaintiffs did not allege how they acquired title, nor did the intervener. The intervener alleges that the described lots are not "listed in the office of the State Land Commissioner as state lands, subject to redemption or sale" and he prays the dissolution of the restraining order to the end that he may redeem the lots.

Plaintiffs filed an amendment to their complaint in which they asked the dissolution of the temporary restraining order and that "upon a final hearing that the sale and certification of said property to the State for the nonpayment of the general city, county and state taxes for the various years indicated hereinabove be set aside and canceled, and said forfeitures be declared to be void for the reasons set out hereinabove, and that the temporary restraining order issued herein by this court on November 15, 1943, be dissolved so that said property may be put back on the tax books without further delay, and for all other relief to which they may be entitled."

Upon these pleadings the court entered the decree from which is this appeal in which the court "finds that all of the lots and parcels of land described in the list attached to the complaint herein sold to the State of Arkansas for an illegal and excessive levy of taxes for the years set out in said list, said levy for each of said years including an illegal charge against said property for the Policemen's and Firemen's Pension Fund for the City of Little Rock, Arkansas; and the court further finds that because of such illegal and excessive levy the State lacked the power to sell said property, and the sale and certification thereof to the State for the nonpayment of the general city, county and state taxes wrongfully levied thereon for the years set out in the list attached to the complaint are void."

The temporary restraining order was dissolved and it was decreed that "the sale and certification to the State of Arkansas of the lots and parcels of land described in the list attached to the complaint herein for

the nonpayment of the general city, county and state taxes for the years set out in said list, be, and the same hereby are, canceled, set aside and held for naught, and that the State of Arkansas take no right, title or interest in and to said property by virtue of said void sale and certification.''

The demurrer to the original complaint should have been sustained for the reason that the plaintiffs asked equitable relief, but do not offer to do equity. They have not offered to buy the lots or to redeem them from the State. They ask that the State's title, such as it is, be canceled without paying the taxes which were due on the lots. The parties cannot thus evade the payment of the taxes which were actually due.

Both the complaint and the intervention will be dismissed for the reason that each in effect is a suit against the State brought against its Land Commissioner. These are not suits to compel the Land Commissioner to perform a ministerial act. The intervener does offer to redeem, while the plaintiffs do not.

Certainly the plaintiff's suit is one against the State. They would cancel the State's title, such as it is, without paying or offering to pay such taxes as are due, and would deprive the State of the power to collect these taxes either through the sale of the land or the redemption thereof. In the case of *Page* v. *McKinley*, 196 Ark. 331, 118 S. W. 2d 235, we quoted and approved the following statement of the law taken from 57 C. J., p. 307, § 464, which reads as follows: ''Accordingly it is well settled, as a general proposition, that, where a suit is brought against an officer or agency with relation to some matter in which defendant represents the State in action and liability, and the State, while not a party to the record, is the real party against which relief is sought so that a judgment for plaintiff, although nominally against the named defendant as an individual or entity distinct from the State, will operate to control the action of the State or subject it to liability, the suit is in effect one against the State and cannot be maintained without its consent.''

Here the Land Commissioner is the nominal party, but the State is the real party in interest against which relief is sought. The plaintiffs would cancel the State's title and escape the payment of such taxes as are due.

The decree will be reversed and the entire proceedings dismissed, with leave to the parties to determine in litigation between themselves which has the right to redeem the land pursuant to §§ 8666, 8667, and 8668, Pope's Digest.