STOBAUGH, ADMX. *v.* HUBBARD, ADMR.

5-2556                                     355 S. W. 2d 283

Opinion delivered March 26, 1962.

*Mehaffy, Smith & Williams,* by *Pat Mehaffy, Herschel H. Friday, Jr.,* and *Robert V. Light,* for appellant.

*Cockrill, Laser & McGehee,* for appellee.

HEARTSILL RAGON, Special Justice. At approximately 5:00 A. M., while returning to McCrory from Newport, Arkansas, after a sociable evening, Joe F. Stobaugh was killed while a passenger in a car driven and owned by J. M. Hubbard. Hubbard was also killed and Edward E. Peebles, a passenger, was seriously hurt.

The administrator of Stobaugh's estate sued Hubbard's estate and the owner of the truck with which Hubbard's car collided. At the conclusion of the evidence, a verdict was directed against the administrator

of Stobaugh's estate in the action against Hubbard's estate, resulting in the appeal herein.

If there was any substantial evidence presented, then it was the duty of the court to submit the question for consideration by the jury. The evidence and all reasonable inferences deducible therefrom should be viewed in the light most favorable to the appellant in determining if there is any substantial evidence. *Callett* v. *Loews,* 203 Ark. 756, 158 S. W. 2d 658; *Smith* v. *McEachlin,* 186 Ark. 1132, 57 S. W. 2d 1043.

Appellant argues, first, that Stobaugh, at the time of the accident was not a guest within the provision of the Arkansas Guest Statute, Ark. Stats. § 75-913 et seq, and was, therefore, entitled to have the actions of Hubbard in driving the automobile reviewed in the light of ordinary negligence, rather than the wilful and wanton negligence. This is predicated upon the contention that the preceding evening's activities were of a business character rather than social. The sole evidence adduced in this regard was the testimony of Peebles that Hubbard owned a motel patronized by Stobaugh and that Hubbard and Stobaugh had previously known each other.

This is insufficient to overcome the admitted fact that the parties were engaged in spending the evening and early morning pursuing their mutual pleasure and companionship. Under the authority of *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30, and subsequent cases, there is presented here a case within the purview of the Guest Statute.

It is then insisted that if Stobaugh was a guest, there is substantial evidence that Hubbard was guilty of wilful and wanton negligence constituting a proximate cause of Stobaugh's death. Such a finding must be based upon the allegation of the complaint which reads as follows:

''Alpheus Hubbard was wilfully and wantonly negligent in that he operated his vehicle wantonly and recklessly at a speed greatly in excess of that which was

reasonable and prudent under the circumstances then existing and with a conscious disregard of the consequences of his acts with reference to the rights and safety of others.''

At approximately 8:00 P. M. the three men left McCrory to go to Newport. Considerable time was spent in two taverns in Newport where a fifth of whiskey purchased by Peebles and Hubbard was consumed by them and others. Stobaugh drank several bottles of beer. Appellant's Statement of Facts fairly sets forth the circumstances of the collision.

''Sometime after 2:00 a.m. these three men went to Phillips Cafe at Newport and remained there for a period of time variously estimated from one to two hours, and they all ate breakfast and had coffee. Mrs. Phillips, operator of the cafe, testified that she visited with them during the time they were in her cafe, and Hubbard and Stobaugh showed no indication of any impairment of their faculties due to intoxicants. She stated that she could tell that Peebles had had a drink, but he wasn't drunk.

''Sometime before 5:00 a.m. the three men left the cafe to return to McCrory with Hubbard driving, Stobaugh in the right front seat and Peebles asleep in the back seat. They proceeded south on Highway 17 to Shoffner, approximately 11 miles south of Newport, where the Hubbard car struck the rear of a 1½ ton truck. Hubbard was killed in the collision, Stobaugh sustained fatal injuries and died 85 days later, and Peebles was injured. John Hall, the only eye witness to the collision, testified that the truck was on the highway without lights and that its lights were turned on only an instant or two before the collision. He further stated that the Hubbard automobile had its lights on and was traveling not in excess of 65 miles per hour. The driver of the truck testified that his lights were on at the time of the collision and had been on since he left Newport.

''Pertinent physical facts in evidence were that the Hubbard car made 23 feet and 5 inches of skid marks

before the point of impact, and traveled 81 feet after impact. The highway at this point is straight and level except for a very minor curve which does not materially affect the vision of drivers on the highway as demonstrated by pictures in the Record. Almost all witnesses were in agreement that it was dark at the time of the collision, and the driver of the truck testified that there was fog in the vicinity. The front of the automobile was almost completely demolished and the truck came to rest 300 feet from the point of impact.''

The evidence, construed most favorably to appellant and based upon her pleadings, is insufficient to support a finding that Hubbard was guilty of wilful and wanton negligence in operating his vehicle at a speed in excess of that which was reasonable and prudent under existing circumstances.

The applicable test is set forth in *Poole* v. *James,* 231 Ark. 810, 333 S. W. 2d 833.

In arriving at the conclusion herein, all evidence by all parties has been considered.

The action of the lower court is accordingly affirmed.

The Chief Justice and Justices McFaddin and Bohlinger not participating.

Justice Johnson and Special Justice J. L. Shaver dissent. Special Justice E. A. Henry joins in the majority opinion.