THOMPSON *v.* HELMS.

5-3020                                                    370 S. W. 2d 609

Opinion delivered September 23, 1963.

*Bernard Whetstone,* for appellant.

No brief filed for appellee.

PAUL WARD, Associate Justice. Roy Thompson, a student in the Smackover High School, was injured when a scaffold, on which he was standing, collapsed. At the time of the injury Roy, along with several other boys, was doing carpentry work as a part of the regular lesson assignment. Also, at the time of the injury the scaffold was being used by appellee (Clifton C. Helms) and his employees while engaged in making repairs on the Smackover High School auditorium.

In the complaint, filed by Roy's father as Next Friend, there appear (in substance) the following allegations: (a) In the summer of 1959 appellee entered into a contract with the school district to repair the auditorium, and that (as a part of the contract) appellee was to build the scaffold in question which was to be used by him in performing his contract; (b) On April 12, 1960 Roy was injured as previously stated; (c) The scaffold collapsed because appellee, in constructing the scaffold, was negligent in the following particulars, to-wit:—he used faulty lumber, the workmanship was poor, and he failed to inspect the scaffold periodically. To the above complaint appellee entered a general denial.

At the close of appellant's testimony the trial court sustained appellee's motion for an instructed verdict. In this we think the trial court was correct because we find no substantial evidence in the record from which the jury could have found in favor of appellant. This being true the trial court must be affirmed. See: *Smith* v. *McEachin,* 186 Ark. 1132, 57 S. W. 2d 1043; *Collett* v. *Loews,* 203 Ark. 756, 158 S. W. 2d 658; and *Stobaugh, Admx.* v. *Hubbard, Admr.,* 234 Ark. 917, 355 S. W. 2d 283.

Before he would be entitled to recover from appellee it was incumbent on appellant to show negligence on the part of appellee. We agree with appellant's argument that it will suffice to show appellee was negligent either (a) as a contractor or (b) as an individual. We think the evidence wholly fails in both respects.

Appellant (Roy) and one of his classmates testified, but there is not, and could not be, any contention that either of them testified to any negligence on the part of appellee. The only other testimony introduced was given by appellee who was called by appellant to testify.

(a) The scaffold in question was constructed (apparently) the latter part of 1959 or the early part of 1960, before appellant was injured on April 12, 1960. Appellee had a contract with the School District to make certain specified repairs on the auditorium for $8,200. There is no testimony that the construction of the scaffold was a part of the contract, but there was definite testimony to the contrary—that it was constructed by the school district which merely permitted appellee to use it in performing his contract work. It conclusively appears from the record that Roy and his classmates were at all times on the scaffold at the direction of the school authorities in pursuance of assigned class work. There is no evidence or contention that the boys were working for appellee or that they were under his control in any manner.

(b) It is admitted by appellee that he, along with several other people (including school officials and employees), helped construct the scaffold. The uncontradicted and definite evidence is that he (appellee) did not help in the capacity of a contractor and that he had no control over the other workers. The evidence shows one leg of the scaffold contained a large knot which *probably* caused it to break and the scaffold to collapse. There is however no evidence that appellee knew of or had anything to do with procuring or installing that particular piece of timber.

In the cases previously cited we pointed out that, in testing the substantiality of the evidence in a situation like this, all reasonable inferences deducible from the evidence should be viewed in the light most favorable to appellant. We have so viewed the evidence in this case and still find that the action of the trial court must be affirmed.

Affirmed.