FITZGERALD *v.* ALLYN.

5-3110 372 S. W. 2d 228

Opinion delivered November 11, 1963.

188

 

*Trantham & Knauts,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

ED. F. McFADDIN, Associate Justice. Don R. Fitzgerald died as the result of injuries he sustained in an automobile mishap on the night of December 16, 1962. He was a guest in the car being driven by Bobby Joe Allyn, appellee. The appellants, being the parents[1] of Don R. Fitzgerald, brought this action for damages against Bobby Joe Allyn, alleging that he was guilty of willful and wanton negligence in the driving of the automobile and that such willful and wanton negligence caused the death of Don R. Fitzgerald. Trial to a jury resulted in a verdict and judgment for the appellee; and on this appeal appellants urge these points:

1. The jury's finding is against the uncontradicted evidence and every legitimate inference deducible therefrom.

2. There is no substantial evidence to support the jury's verdict.

3. The verdict is against incontrovertible physical facts and is radically wrong.

We consider all three of these points together, as they all go to the appellants' contention that the undisputed evidence shows that Bobby Joe Allyn was guilty of willful and wanton negligence.

---

[1] Originally the brothers and sisters of Don R. Fitzgerald were joined as plaintiffs; but, without objection, the Court dismissed as to them, so that only Mr. and Mrs. C. C. Fitzgerald (father and mother of Don R. Fitzgerald) remained as plaintiffs.

The evidence established: that Don R. Fitzgerald was 29 years of age and lived alone in Clay County, Arkansas; that on the night of December 16, 1962 he went to a tavern in Missouri several miles from his home and consumed some beer; that when midnight closing hour arrived Fitzgerald asked the defendant, Bobby Joe Allyn (aged 25), who had also been drinking beer, to drive Fitzgerald to his home in Allyn's car; that with a 6-pack of beer the two left the tavern in Allyn's car and drove to Fitzgerald's home several miles away; that when they arrived at Fitzgerald's home he decided he **wanted to go to a** tourist court a few miles away, and Allyn drove him there; that Fitzgerald then decided he would return to his home, and Allyn started with him on the return drive; that enroute the car had a flat tire and the two men changed the tire; that they then re-entered the car and while proceeding to Fitzgerald's home, Allyn drove the car into a bridge abutment with such force and speed as to turn the car around; and that Fitzgerald was killed in the collision with the bridge. Shortly after the collision Allyn voluntarily submitted to an alcoholic blood level test, which disclosed that Allyn was intoxicated.

The plaintiffs insisted, *inter alia,* that Allyn was guilty of willful and wanton negligence in that he was driving while intoxicated and was driving in a reckless manner and at an excessive speed. The defendant insisted, *inter alia:* (a) that he was not guilty of willful and wanton negligence; (b) that Fitzgerald assumed the risk of defendant's driving; (c) that Fitzgerald was guilty of contributory negligence; and (d) that the parties were on a joint mission. The status of Fitzgerald as a guest in the Allyn car appears to have been conceded, so that the burden was on the plaintiffs to establish that the defendant was guilty of willful and wanton negligence in the operation of the vehicle. Ark. Stat. Ann. §75-913 and §75-915 (Repl. 1957).

The case was tried to a jury and the Court instructed on all applicable phases of the law, and submitted the case to the jury on a series of interrogatories designe:

to obtain answers on the various issues developed. The plaintiffs offered no objection to any of the instructions or interrogatories submitted. The first interrogatory was: "Do you find from a preponderance of the evidence that Bobby Allyn was guilty of willful and wanton misconduct in the operation of his vehicle which proximately caused the death of Don Fitzgerald." The jury answered this interrogatory in the negative;[2] and based on such answer the Trial Court rendered judgment for the defendant. From such judgment there is this appeal in which appellants claim the jury's negative answer is against the undisputed evidence.

We hold that a jury question was made as to whether the defendant, Allyn, was guilty of willful and wanton negligence in the operation of the automobile. Even though it was conceded that Allyn had been drinking beer to an excess and was driving the car, we cannot hold that such facts establish willful and wanton negligence as a matter of law. Allyn was in sufficient possession of his faculties to drive his car a number of miles from the tavern to the Fitzgerald home, then to the tourist court, then to work with Fitzgerald in changing a tire—all of which occurred before the fatal collision. Furthermore, the evidence showed that immediately prior to the collision Fitzgerald told Allyn he believed there was another flat tire; and that Allyn was in the process of pulling his car to the shoulder when he hit the bridge abutment. The highway was 21 feet wide, whereas the bridge was only 18 feet wide; there were no reflectors to indicate that the abutment narrowed the traffic area; and Allyn testified that he was never travelling in excess of 55 miles per hour at any time.

To prevail on this appeal the appellants must establish that the Trial Court should have instructed the jury that Allyn was guilty of willful and wanton negligence as a matter of law even under the facts as here developed; and we are convinced that the question of willful and wanton negligence was a jury question in this case.

---

[2] This answer in the negative made it unnecessary for the jury to answer any of the other interrogatories.

See *Harkrider* v. *Cox*, 230 Ark. 155, 321 S. W. 2d 226; *Poole* v. *James*, 231 Ark. 810, 332 S. W. 2d 833; *Cooper* v. *Calico*, 214 Ark. 853, 218 S. W. 2d 723; *Froman* v. *Kelley*, 196 Ark. 808, 120 S. W. 2d 164; and *Stobaugh* v. *Hubbard*, 234 Ark. 917, 355 S. W. 2d 283.

There is another and additional reason, sufficient in itself, why there must be an affirmance of this case. Such reason is because the appellants did not request an instructed verdict on the issue of willful and wanton negligence, nor did they otherwise register in the Trial Court their dissatisfaction with the submission of the issue to the jury: there was neither a motion for new trial nor a motion *non obstante veredicto*. *Rock-Ola Mfg. Corp.* v. *Farr*, 226 Ark. 279, 290 S. W. 2d 2; and *Granite Mt. Rest Home* v. *Schwarz*, 236 Ark. 46, 364 S. W. 2d 306.

Affirmed.