## FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC. *v.* Danny PARKS

79-69                                              585 S.W. 2d 936

Opinion delivered September 10, 1979
(Division II)

*Samuel N. Bird,* of *Williamson, Ball & Bird,* for appellant.

*Charles S. Gibson,* for appellee.

FRANK HOLT, Justice. Appellee's house was totally destroyed by fire. When appellant, the insurer of the dwelling, refused payment, this action resulted. As an affirmative defense, appellant alleged appellee had fraudulently represented the value of his house and thereby induced appellant to issue its insurance coverage ($45,000) greatly in excess of the actual value. The trial court granted appellee's motion for a directed verdict, following appellant's case, for the coverage on the dwelling. The question of the value of the contents of the house was submitted to the jury, which found for the appellee on that issue.

Appellant's sole ground for reversal is that the trial court erred in directing a verdict for the loss of the dwelling. It argues that there was substantial evidence presented from which the jury could have found that appellee fraudulently misrepresented the value of his house to induce the appellant to issue a policy providing coverage far in excess of the true value of the house. Therefore, the "Valued Policy Law" (Ark. Stat. Ann. § 66-3901 [Repl. 1966]), which provides that in

the event of a total loss by fire, the fire insurance policy is considered to be a liquidated demand against the company for the full amount stated in the policy, is inapplicable.

The propriety of a directed verdict is reviewed on appeal by taking that view of the evidence which is most favorable to the party against whom the verdict is directed. If there is any substantial evidence tending to establish an issue in his favor, it is error for the court to take the case from the jury. *Page* v. *Boyd-Bilt, Inc.,* 246 Ark. 352, 438 S.W. 2d 307 (1969). In testing the substantiality of the evidence, the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the party against whom the verdict is directed. *Thompson* v. *Helms,* 236 Ark. 914, 370 S.W. 2d 609 (1963). In other words, a directed verdict is proper where there is no substantial evidence from which a reasonable mind could find against the plaintiff on a fact issue, when all inferences are drawn and all evidence considered in the light most favorable to the defendant.

Appellee purchased a dwelling house and ten lots for $23,000. He financed the purchase with a loan in the amount of $25,000 from a Savings and Loan Association. At the request of the Association, a realtor appraised the property and assigned a total value of $33,500, $20,500 for the house and $13,000 for the land. The Association also required insurance coverage. Appellee's fraudulent misrepresentation allegedly occurred in a telephone conversation between appellee and appellant's local agent, which resulted in the issuance of a policy for $45,000 coverage. The agent asked the appellee how much insurance he wanted and the appraised value of the house. Appellee stated the $33,500 figure and discussed the proposed remodeling. The agent asked the approximate cost of replacing the house and "[a]ll the remodeling you're doing and everything." The agent suggested a figure of $45,-000 to which the appellee agreed. It is undisputed that the appellee did not receive a copy of the appraisal and was informed only as to the total fair market value of $33,500. Although the appraiser testified that his appraisal included the increased value that would result from the completion of the remodeling, it is uncontradicted that appellee was not informed as to whether or not the value of the improvements

planned and being made was included. Appellee testified that he assumed that the appraisal figure applied only to the dwelling and did not include the enhanced value.

It is also undisputed that the application form asked for coverage of only $40,000. Appellant's agent, however, submitted an application requesting coverage for $45,000. It contained a statement that appellant's agent had inspected the dwelling and recommended acceptance of the risk.

In the circumstances, we hold there is no substantial evidence that the appellee fraudulently misrepresented the value of his house and thereby induced the appellant to issue its policy of insurance greatly in excess of the value of the dwelling.

Affirmed.

We agree: HARRIS, C.J., and BYRD and PURTLE, JJ.