Lonnie GILBOW & J. W. EOFF *v.*
Sandra ANDREWS

CA 79-150                                  590 S.W. 2d 673

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*Niblock & Odom*, by: *Richard P. Osborne*, for appellants.

· No brief for appellee. ·

DAVID NEWBERN, Judge. In this replevin action the appellee sought return of her pickup truck and some clothing in the truck she alleged had been taken by the appellants. She also sought damages of $1700.00 resulting from the alleged wrongful detention of and injury to her property. A jury verdict awarded the appellee possession of the property and damages of $2500.00. The damage award was reduced to $1700.00 to conform to the prayer in the complaint, and a judgment was entered upon the verdict.[1] The appellants' first point for reversal is "that the evidence was insufficient to support a finding by a preponderance of the evidence that appellant had wrongfully detained the property of appellee."

We assume the appellants realize we cannot reverse on the basis of our own determination of the preponderance of the evidence, as it was the prerogative of the jury to deter-

---

[1] The case was appealed to the Arkansas Supreme Court and assigned to us in accordance with Rule 29(3).

mine that. We will affirm if there was any substantial evidence in support of the verdict. *Boyd* v. *Reddick*, 264 Ark. 671, 573 S.W. 2d 634 (1978), and *Love, et al* v. *H. F. Construction Co.*, 261 Ark. 831, 552 S.W. 2d 15 (1977).

If we assume the appellants are not asking us to determine the preponderance of the evidence, their first point must be that the evidence was not sufficient to have been allowed to go to the jury. As Rule 50 (e) of the Arkansas Rules of Civil Procedure was not in effect at the time this case was tried, we will review the matter, reluctantly, although the abstract does not show that a motion was made for directed verdict, judgment n.o.v. or new trial. Our reluctance is heightened in that appellants' counsel does not cite one case which supports the notion that insufficiency of the evidence may be a basis of appeal or reversal in the circumstances presented here.

It is enough for us to say that the evidence in this case was in great conflict, but the appellee's testimony that she had left her truck on the appellant Eoff's property only three and 1/2 hours while assisting her mother, who was one of Eoff's tenants, was clearly sufficient to controvert the evidence presented by the appellants on their primary theory of the case, which was that the appellee had abandoned her truck and clothing for some 30 days on the appellant Eoff's property. The question clearly was for the jury to decide.

As his second point, appellants' counsel asserts that Gilbow, who was the agent of Eoff, allegedly acting upon Eoff's instruction, could not be liable in this matter because he was acting solely as the agent of Eoff. The appellants' counsel sought and was denied an instruction to that effect.

The trial court did not err in refusing the requested instruction. The only cases cited by the appellants are to the effect that a principal is not liable where an agent exceeds his authority. It is elementary agency law that the liability of a principal for his agent's act does not absolve the agent. *Burt* v. *Missouri Pac. R. Co.*, 294 F. 911 (E. D. Ark. 1924), Sell, *Law of Agency*, §§ 195 and 198 (1975), and Mechem, *Law of Agency*, §§ 1455 and 1456 (1914).

Affirmed.