James Arvel RALLS, Noal MEDFORD, Jr., Gerald
BAKER and J. D. PRIDDY *v.* Martin
MITTLESTEADT and Edna Mae MITTLESTEADT

CA 79-44                              596 S.W. 2d 349

Court of Appeals of Arkansas
Opinion delivered March 5, 1980
Petition for rehearing denied April 9, 1980
Released for publication April 9, 1980

*Thomas B. Keys* and *Ted Goodloe,* for appellants.

*Matthews & Sanders,* by: *Roy Gene Sanders,* for appellees.

JAMES H. PILKINTON, Judge. The question to be resolved in this case is whether a state employee, while acting within the scope of his employment, can be held personally responsible for his negligence occurring upon a highway.

Appellants were the defendants in the court below and were sued for negligence. This action arose out of a traffic collision involving a vehicle owned by Martin Mittlesteadt and driven by Edna Mittlesteadt, the appellees. At the time of the occurrence appellants were part of a crew engaged in the repair of Arkansas State Highway Number 88 in Polk County, Arkansas. On April 23, 1976, Edna Mittlesteadt was driving the Mittlesteadt vehicle in a westerly direction on Highway 88 at a point approximately 3.3 miles east of Mena when a dump truck suddenly backed from the shoulder of the road into her path of travel. According to the investigating officer, the impact occurred in the middle of the highway. The

officer took a statement from the driver of the dump truck, James Ralls, in which Mr. Ralls stated that he was backing onto the highway to turn around and could not see the road from his position. He asked his passenger, Mr. Noal Medford, to check the traffic for him. Mr. Medford, in effect, told the officer that he checked for traffic and did not see any so he told Mr. Ralls to go ahead and back onto the highway. It was admitted that no flagman was present on the highway giving warning to oncoming traffic. It was also admitted that it was the responsibility of the team leader, Mr. Gerald Baker, to make sure a flagman was in position. The appellants claim damages to their motor vehicle of $1,113.68 and $61.00 in medical expenses incurred by Edna Mittlesteadt. Upon a trial to a jury, judgment in the amount of $1,174.68 was entered on behalf of appellees and against appellants. After the entry of the judgment, appellants filed a motion for a new trial which was overruled by the trial court. From the judgment aforesaid and from the order overruling the motion for a new trial comes this appeal.

## I.

The appellants first argue that the trial court was without jurisdiction. They contend that this suit was against the state of Arkansas and constituted a matter which should be filed in the State Claims Commission. Article 5, Section 20 of the Arkansas Constitution only grants immunity to the state itself, not to employees of the state. The case at bar was filed against the appellants as individuals and does not attempt to subject the state to any liability whatsoever. We agree with appellants that the question of whether a particular law suit is one against the state need not be determined solely by reference to the nominal parties to the record. Appellants are also correct in their contention that the mere fact the state is not named as a party defendant does not conclusively establish that the suit is not within the rule prohibiting suits against a sovereign without its consent. The test for determining whether a suit is one against the state was established by the Arkansas Supreme Court in *Page* v. *McKinley,* 196 Ark. 331, 118 S.W. 2d 235 (1938). There the court said that where a suit is brought against an officer or agency with relation to some matter in which defendant

represents the state in action and liability, the state, while not a party of the record, is the real party against which relief is sought, so that a judgment for plaintiff, though nominally against the defendant as an individual or entity distinct from the state, will operate to control the action of the state or subject it to liability, the suit is in effect a "suit against the state" and cannot be maintained without state consent. See also *Wilson* v. *Pinkert,* 210 Ark. 1093, 198 S.W. 2d 723 (1947); and 81A C.J.S. *States,* Section 304.

Unless the suit will operate in some way to control the action of the state, or subject it to liability, then it is not a suit against the state. The appellees brought this case only to subject the appellants to personal liability for their own negligence. When the dump truck was backed onto the highway into the path of appellees' vehicle, an act occurred which was a violation of state traffic laws. Neither the Arkansas Highway Department nor anyone else has the authority to allow its employees to violate the law without being responsible for the consequences. The exemption of the state from judicial process does not protect its officers and agents from being personally liable to an action of tort brought by a private person whose rights of property they have wrongfully invaded or injured. *Kelly* v. *Wood,* 265 Ark. 337, 578 S.W. 2d 566 (1979). We are persuaded that the case at bar is clearly not a suit against the state, and is controlled by *Kelly* v. *Wood, supra.* See also *Ross* v. *Rich,* 210 Ark. 74, 194 S.W. 2d 297 (1946).

This suit does not attempt to subject the State of Arkansas to any liability or to control state action in any way. It is elementary agency law that the liability of a principal for his agent's act does not absolve the agent. *Burl* v. *Missouri Pac. R. Co.,* 294 F. 911 (E.D. Ark. 1924), Sell, *Law of Agency,* §§ 195 and 198 (1975), and Mechem, *Law of Agency,* §§ 1455 and 1456 (1914). See also *Gilbow et al* v. *Andrews,* 267 Ark. 814, 590 S.W. 2d 673 (Ark. App. 1979). We hold that the Circuit Court did have jurisdiction of this case and we find no merit in the argument of appellants on this point.

II.

Appellants next argue that the trial court erred in refus-

ing to give defendants' requested jury instruction No. 2 (AMI 702) and requested No. 3 (AMI 701) without stating the basis of the court's refusal. Complaint is also made of the court's refusal to give appellants' requested instruction 4 and 5.

Here appellants were each sued in their individual capacity. There was no need for the jury to have been instructed on Scope of Employment (AMI 702) or the definition of employee (AMI 701) as the jury was not deciding any issue which called for these particular instructions. This lawsuit did not attempt to impute appellants' conduct to their employer. Thus the offered instructions 2 and 3 had no relevance whatsoever to the issues of this case. It was not necessary, therefore, for the court to state for the record its reasons for refusing to give AMI 701 and 702. The only time the trial judge must state his reasons for not giving an AMI instruction is when such judge determines an offered AMI instruction does not accurately state the law applicable to the issue *being* tried. There is no question here that AMI 701 and 702 were accurate statements of the law on the subjects covered by them. However, they were not relevant to the issues being tried.

For the same reason defendants' instruction 4 and 5 were not applicable to this case. It was not necessary for this jury to be told that the State of Arkansas could never be made a defendant in her courts; or, that the State Claims Commission has exclusive jurisdiction over claims against the state. The trial court had already properly ruled, as a matter of law, that this was *not* a suit against the State of Arkansas.

The trial judge was not required to state for the record his reasons for refusal of these instructions since their correctness was not in issue, only their applicability to the case. The inapplicability was apparent without comment by the trial judge.

### III.

Appellants finally argue that the trial court erred in refusing to direct a verdict in favor of each defendant; and,

also in failing to enter judgment for each notwithstanding the verdict. The import of this argument is that the evidence is not sufficient to support the verdict against any or all of the appellants. We find no merit in this contention. A directed verdict is proper only when there is no substantial evidence from which a reasonable mind could find for the plaintiff on a fact issue after all inferences are drawn, and all evidence considered in the light most favorable to the plaintiff. *Farm Bureau Mutual Ins. Co. v. Parks,* 266 Ark. 454, 585 S.W. 2d 936 (1979). It is clear that a jury question existed in the case before us as to the negligence of each defendant; and the trial court was correct in refusing to direct a verdict in favor of any of them. The trial court was obligated to accept the verdict of the jury as it was based upon sufficient evidence. The action of the court below in overruling the motion of each defendant for judgment notwithstanding the verdict was therefore correct.

Affirmed.