CONWAY PRINTING COMPANY *v.* Don L. COLLINS, d/b/a CAMBIATA PRESS

CA 81-224                                      628 S.W. 2d 591

Court of Appeals of Arkansas
Opinion delivered February 24, 1982
[Rehearing denied March 24, 1981.]

*Wright, Lindsey & Jennings,* for appellant.

*Henry & Graddy,* by: *Larry E. Graddy,* for appellee.

LAWSON CLONINGER, Judge. Appellant, Conway Printing Company, filed an action to recover $3,057.14 for the cost of photographic negatives sold to appellee, Don L. Collins, d/b/a Cambiata Press. The jury returned a verdict for appellee.

The only issue on this appeal is whether the trial court was in error in denying appellant's motion for a directed verdict at the conclusion of all the evidence. We hold that appellant's motion for a directed verdict should have been granted.

From 1972 to 1978 appellant performed printing services for appellee's sheet music publishing company. In 1978 appellee made other arrangements for his printing work, and at that time it was agreed that appellee would purchase from appellant the negatives of music printed earlier by appellant. The negatives were delivered to appellee over an eleven-month period as they were needed, and appellee was billed for them.

In December of 1979 appellee became aware of the practice of a number of printers to surrender the negatives to the customer at no charge above the printing cost. Appellee then informed appellant that the negatives had already been paid for and that appellee had no legal obligation to pay the account. Evidence was presented to both support and refute appellee's contention that there is a usage or custom in the printing trade that the negatives belong to the customer and not the printer.

At trial, it was not seriously controverted that there was a contract entered into for the sale and purchase of the negatives, or that all the negatives had been delivered to appellee. Appellee does not contest the amount of appel-

lant's claim. The essence of appellee's argument in the trial court and on this appeal is that his agreement to purchase the negatives was void for lack of consideration.

A directed verdict would be proper in this case only if there is no substantial evidence from which reasonable minds could find for the defendant after all the inferences are drawn and all evidence is considered in the light most favorable to the defendant. *Ralls* v. *Mittlesteadt,* 268 Ark. 741, 596 S.W. 2d 349 (Ark. App. 1980).

There were no controverted issues to be presented to the jury relating to appellee's agreement to pay for the negatives, performance by the appellant, or the amount of the claim. The only way for appellee to avoid his agreement to purchase the negatives was to prove the contract void for lack of consideration. He sought to do this by showing that there is a usage or custom in the printing trade that the negatives belong to the customer, but even if we assume that he successfully established that point, he is required to go farther; he must present evidence which would tend to establish that the parties were aware of and relied upon that usage or custom at the time they entered into the contract.

In *Glidewell* v. *Arkhola Sand and Gravel Company,* 212 Ark. 838, 208 S.W. 2d 4 (1948), the Arkansas Supreme Court stated with approval:

In the chapter on 'Customs and Usages,' 25 C.J.S., § 9, pp. 84 and 85, the text writer says: 'A party relying on a usage must himself have had knowledge of it at the time the transaction was entered into; . . . A party to a transaction cannot set up a usage of the other party, of which the party setting it up was ignorant at the time of the transaction, . . . ,' and in *Wall* v. *Mutual Life Insurance Company of New York,* 217 Ia. 1106, 253 N.W. 46, the Supreme Court of Iowa stated the rule: 'It is another well-settled principle that where a claim is made of particular custom and usage the same must be known by the parties affected by it or it will not be binding. Or, to say it another way, where one seeks to advantage himself of a particular custom or usage, the

same must have been known to him at the time he acted and he must have acted and relied thereon.'

In *Ben F. Levi, Inc.* v. *Collins*, 215 Ark. 172, 219 S.W. 2d 762 (1949), the issue was whether the appellant was required by his contract to puchase merchandise for appellees on its own initiative or was to await orders from its principals. The court ruled that a custom may be shown as an aid to interpretation if it is known to both parties, but that appellant's evidence was inadmissible because it failed to establish appellee's knowledge or notice of the custom.

The evidence in this case reflects that appellee was unaware of the purported custom he now urges until after the contract was made and after appellant had completed delivery. The evidence indicates that neither of the parties entered into the contract in reliance upon a custom that the negatives belonged to the customer; in fact, appellant continues to maintain that according to usage and custom in the printing business, the negatives belong to the printer.

There was no substantial evidence from which reasonable minds could find for the defendant, therefore the trial court should have granted appellant's motion for a directed verdict.

Reversed and remanded to the trial court with directions to grant appellant's motion.