Ms. Paula Pumphrey, Director Department of Community Punishment 323 Center, Suite 1210 Little Rock, AR 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion regarding the "outside employment" of some employees of the Department of Community Punishment. In your request, you express concern about outside employment that might pose a conflict of interest and note that the Department has established an internal policy requiring its employees to obtain prior approval of second employment. You then ask whether the Department could be held liable for any of the outside employment positions held by its employees.
I assume you are asking whether the Department of Community Punishment could be held liable for the tortious actions of its employees in their outside employment. You should be aware that the Department of Community Punishment, as an agency of the state, enjoys immunity from suit in Arkansas. Article 5, section20 of the Arkansas Constitution prohibits the State of Arkansas from being made a defendant in her courts, and a suit against the Department of Community Punishment would most likely be considered, in effect, a suit against the state. See, e.g.,Ralls v. Mittlesteadt, 268 Ark. 741, 596 S.W.2d 349 (1980);Jobe v. Urguhart, 98 Ark. 525, 136 S.W. 663 (1911). The state and its agencies likewise appear to be immune from § 1983 civil rights actions. See Will v. Michigan Dept. of State Police,491 U.S. 58 (1989). Thus, it is my opinion that the Department of Community Punishment could not be held civilly liable for the tortious actions of its employees either in state court or in a § 1983 suit in federal court. Whether the individual officers and employees of the Department could be held liable for their actions is, of course, a separate question, beyond the scope of this opinion.
With regard to your concern about outside employment creating a conflict of interest, I can only state that while there are undoubtedly outside employment positions that might pose a conflict of interest problem for Department of Community Punishment employees, such determinations are best made on a case by case basis. Pursuant to the internal policy you have mentioned, it appears that the Department will become aware of potential problems in this regard prior to the acceptance of second employment by its employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh