Thelma HAGGANS *v.* JONESBORO CABLE TV, Inc

5-5826                                          477 S.W. 2d 840

Opinion delivered March 20, 1972

*Lee Ward,* for appellant.

*Branscum, Schmidt & Mazzanti,* for appellee.

FRANK HOLT Justice. This appeal results from a directed verdict. The appellant brought this action against the appellee to recover damages for injuries received by

her when she tripped and fell because of a loose wire lying upon a public sidewalk. After appellant presented her case, the trial court granted appellee's motion to dismiss on the basis that the appellant had not met the burden of proof to sustain her allegations of negligence as asserted in her complaint. For reversal of that judgment the appellant contends on appeal that: "The trial court erred in holding that the record in this cause contains no substantial evidence of negligence on the part of the appellee causing the injuries suffered by the appellant." We cannot agree with appellant.

On appeal from a directed verdict we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party against whom the directed verdict was entered and reverse only where the evidence, although not in dispute, is of such a substantial nature that fair-minded men might draw different conclusions. *Collett* v. *Loews,* 203 Ark. 756, 158 S. W. 2d 658 (1942); *Wortz* v. *Fort Smith Biscuit Co.,* 105 Ark. 526, 151 S. W. 691 (1912).

Appellant testified that the accident occurred near her residence between 7:30 and 8 p.m. when she tripped and fell on a loose wire lying across a sidewalk. About 3 o'clock that afternoon, as she walked by, she noticed the wire being loose and wrapped around a pole near the sidewalk. The accident was immediately reported to the local city water and light offices in the belief the wire was their property.

Appellant relies primarily upon the testimony of an employee of that city facility to establish negligence on the part of appellee. This witness testified that he had investigated the area and found a guy wire belonging to appellee lying across the sidewalk at the scene of the reported accident. One end of this 20-foot wire was connected to a pole at a point about 15 feet above the ground; the other end of this steel guy wire had been broken loose at the ground anchor. The anchor was positioned 3 or 4 feet from the uncurbed street and within an easement. According to this witness, normally the city water and light plant would put a protective guard

around a guy wire anchor in areas where it was thought needed and while this guard would not actually protect the anchor from heavy objects, it would make the guy wire and anchor more visible. He did not recall any such protective guard around this broken guy wire.

On cross-examination this witness testified that the severed guy wire was constructed of material and of the width normally used in this type business or trade and that it was "a regular guy wire." The anchor was constructed in a "manner which is reasonable and customary for the type of wire." The anchor was bent and "looked like to me maybe a car had backed into it, broke it". He could not recall the size but assumed that it was a quarter-inch steel cable. He testified that a person could not break the cable with his hands and that it would take something pretty heavy, "like a car or truck" to break it. He had not observed or had any knowledge of the broken cable before his office received the telephone call on the night of the accident. He knew of no city ordinance requiring a guard around a guy wire anchor.

When we review the evidence and all reasonable inferences in the light most favorable to appellant on appeal, as we have indicated, we agree with the trial court that the evidence is insubstantial to sustain appellant's burden of proof as to her allegations of appellee's negligence.

Appellant also contends that the doctrine of *res ipsa loquitur* applies in the case at bar. In *Penny* v. *Gulf Refining Co*, 217 Ark. 805, 233 S. W. 2d 372 (1950) we said: *Res ipsa loquitur* has no application unless the evidence in the particular case has a substantial tendency to show negligence in the defendant and in nobody else." In *Kapp* v. *Sullivan Chev. Co*, 234 Ark. 395, 353 S. W. 2d 5 (1962) we cited with approval from 37 Words and Phrases, Res Ipsa Loquitur, page 488: "The mere happening of accident does not justify recourse to 'res ipsa loquitur' rule in personal injury suit, but accident must further appear to be without explanation in light of ordinary experience, except on theory of defendant's negligence to render rule applicable." See, also, *Dollins*

v. *Hartford Acc. & Inc. Co.,* 252 Ark. 13, 477 S.W. 2d 179. In the case at bar we cannot agree with appellant that the doctrine of *res ipsa loquitur* can be invoked to establish a prima facie case that appellee was negligent and the proximate cause of appellant's injuries.

Appellant also contends that appellee is a public utility and, therefore, governed by Ark. Stat. Ann. 73-267 (Repl. 1957). This statute requires that public utilities owning wires and equipment located along or across public or private ways shall maintain such wires in a reasonably adequate and safe manner. Assuming, without holding, that appellee is governed by the pertinent provisions of this statute, we cannot say that appellant has met the burden of proof that appellee was in violation of this statute or any city, state, or governmental regulation.

Affirmed.