## Margaret ALEXANDER *v.* TOWN AND COUNTRY DISCOUNT FOODS, INC.

93-1181                                                      872 S.W.2d 390

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Carney & Cooper, Law Firm, P.A.*, by: *Mark F. Cooper*, for appellant.

*Snellgrove, Laser, Lanaley & Lovett*, by: *P. Sanders Huckabee*, for appellee.

ROBERT H. DUDLEY, Justice. The plaintiff tripped and fell over a mat as she was entering defendant's store. The trial court granted a summary judgment in favor of the defendant. The plaintiff appeals and states:

> The fact that *res ipsa loquitur* may not have been applied to slip and fall cases in the past should not preclude this court from now reversing, changing or perhaps modifying previous Arkansas law and holding that the doctrine of *res ipsa loquitur* from this point forward will apply in slip and fall cases.

The court of appeals certified the case to this court. We affirm the summary judgment.

We have often held that the doctrine of *res ipsa loquitur* is not applicable to slip and fall cases. *Mankey* v. *Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993); *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986); *Haggans* v. *Jonesboro Cable TV, Inc.*, 252 Ark. 191, 477 S.W.2d

840 (1972); *Miller* v. *F.W. Woolworth Co.*, 238 Ark. 709, 384 S.W.2d 947 (1964). The reason the doctrine is not applicable to slip and fall cases is that the sole cause of the injury is not necessarily a negligent act by the defendant. There are possibilities of negligence by third parties as well as the plaintiff.

Affirmed.